635 A.2d 109

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Aida Luz ROSARIO, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1992.

Decided Oct. 5, 1993.

Joel I. Fishbein, Philadelphia, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Division, Joan Weiner, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

MONTEMURO, Justice.

On March 31, 1989, appellant Aida Rosario was found guilty of possession and possession with intent to deliver cocaine. The charges stemmed from drug sales made out of appellant's residence during her absence by a man who has never been charged, or indeed completely identified, in connection with this case. The sentence imposed, eleven and one half to twenty-three months house arrest, with a subsequent three year term of probation, was appealed by the Commonwealth, and the Superior Court re\ ·rsed, concluding that the leniency of the sentence was an abuse of the trial court's discretion, and remanded for resentencing, 400 Pa.Super. 505, 583 A.2d 1229. Appellant's challenge to the Superior Court's decision is now before us.

284

■ Appellant argues to this court that the Superior Court departed from the accepted course of appellate review in its reversal of the trial court's sentencing order. However, we may not consider whether the sentence was properly imposed, or whether the reversal by the Superior Court was correct, since 42 Pa.C.S.A. § 9781(f) deprives us of jurisdiction to address the discretionary aspects of a sentence. *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989). *See also, Commonwealth v. Parrish*, 515 Pa. 297, 528 A.2d 151 (1987).

■ Appellant raises another matter concerning the validity of the Superior Court's order which must command our attention. She contends that she was denied her constitutional right to appellate counsel, having lacked representation while the Commonwealth pursued its appeal. Counsel representing appellant before this tribunal, as well as the Defenders Association as amicus curiae, point out that subsequent to the sentencing proceeding, trial counsel disappeared from the case, without having first requested permission to withdraw per *Commonwealth v. Palmer*, 455 Pa. 111, 314 A.2d 853 (1974), or in any way indicating her intention not to proceed on appellant's behalf. As a result, court documents informing appellant of the progress of the Commonwealth appeal were returned, and no appellate brief was filed for appellant, even though, as Judge Cavanaugh's Dissent notes, the Commonwealth sought and received permission from the Superior Court to file a Reply Brief. The Superior Court majority attributes that omission to appellant's apparent satisfaction with her sentence, obviating the necessity for an appellate brief. However, apparent satisfaction with a sentence would seem to us to inspire a wish to combat the Commonwealth's efforts to alter it. We consider counsel's dereliction, including her failure to institute a procedurally proper withdrawal from the case, to be a forfeiture of her client's right to competent representation.

■ Despite the fact that the original appeal to the Superior Court was taken by the Commonwealth, not by appellant, it constitutes a critical stage of the proceedings at

which substantive rights might be preserved or lost. As such, the right to counsel attaches. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). For the right to be dispensed with, under these or any other set of circumstances in which it exists, the waiver must be intentionally and intelligently given, or the right is at best chimerical, and at worst no right at all. Any court determining that the right has been waived must advance this finding cautiously, with certain knowledge that the defendant is fully aware of the dimensions of the right, and of the ramifications of any waiver. *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A.2d 446 (1968).

Here, no inquiry was made of the illiterate appellant whether, in view of counsel's failure to perform, she wished new counsel at all, could afford private representation, or whether assignment was necessary. Certainly no investigation was made as to whether she was aware of the consequences of a choice. The prejudice inherent in counsel's abandonment is obvious in view of the Superior Court's attitude toward the lack of a brief presenting appellant's arguments, and in view of the fact that her at-home sentence would, as Judge Cavanaugh points out, presumably be transmuted into incarceration. No disavowal of responsibility, such as the Commonwealth has attempted, nor the Superior Court's disregard for violation of appellant's right to counsel can alter the fact that such a violation has occurred, and that relief is warranted.

Appellant's final claim presents the argument that she has an objectively reasonable expectation of finality as to her sentence, so that imposition of further or different punishment would implicate double jeopardy. This issue is not ripe for our review, and will not become so absent the conclusion of a counselled appeal.

Accordingly, we vacate the order of the Superior Court and remand for further proceedings consistent with this Opinion.

PAPADAKOS, J., concurs in the result.