37 A.3d 1174

COMMONWEALTH of Pennsylvania, Petitioner

v.

Tyde PASTURE, Respondent.

Supreme Court of Pennsylvania.

Jan. 24, 2012.

## ORDER

PER CURIAM.

AND NOW, this 24th day of January, 2012, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Superior Court **VACATED,** and the matter **REMANDED** to that court for consideration of the issue in light of *Commonwealth v. Perry,* 32 A.3d 232 (Pa.2011) (sentence can be overturned only if it results from manifest unreasonableness, partiality, bias, ill-will, or such lack of support so as to be clearly erroneous). Jurisdiction relinquished.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

But for limited instances in which this Court undertakes review of the Superior Court's legal determinations, *see Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957, 961 (2007), the decision to disturb the intermediate court's resolution of discretionary sentencing challenges leaves the impression that this Court has disregarded the jurisdictional boundaries imposed by the General Assembly. *See* 42 Pa.C.S. § 9781(f). While I acknowledge that the majority of Justices did not share the similar concern that I expressed in *Commonwealth*

334

*v. Perry,* 32 A.3d 232, 242–43 (Pa.2011) (Saylor, J., dissenting), the reliance on that case to vacate the Superior Court's order in the present matter only reinforces such impression. By their very nature, sentencing decisions are informed by the individual facts of each case, and this Court's inclination to summarily vitiate the Superior Court's reasonableness assessment of a sentence under a distinct factual paradigm, in my opinion, resembles a circumvention of the limitations of Section 9781(f).