**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Raquan RIGG, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2013.
Filed Jan. 27, 2014.

Raquan Rigg, appellant, pro se.

James B. Martin, District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: BOWES, MUNDY, and FITZGERALD,* JJ.

OPINION BY BOWES, J.:

Raquan Rigg appeals *pro se* from the order entered by the PCRA court that denied his first-counseled PCRA petition and permitted counsel to withdraw pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988) (*en banc*). After careful review, we affirm.

A jury found Appellant guilty of aggravated assault, recklessly endangering another person, and simple assault after he stabbed another man in the neck. On December 15, 2009, the trial court sentenced Appellant to seven to fourteen years incarceration on the aggravated assault charge. This sentence was within the standard range of the sentencing guidelines for Appellant's aggravated assault offense, when considering the deadly-weapon enhancement. Specifically, the governing range was sixty-six months to eighty-four months, *i.e.*, seven years. The court noted that it considered a pre-sentence report and placed its reasons for its sentence on the record. Appellant filed a post-sentence motion, which the trial court denied.[1]

Thereafter, Appellant filed a timely *pro se* appeal. The trial court appointed new counsel. Appellant's sole issue on appeal pertained to the discretionary aspects of his sentence. On June 14, 2011, a panel of this Court determined that Appellant presented a substantial question for review, but that his sentencing claim did not entitle him to relief. *Commonwealth v. Rigg*, 31 A.3d 743 (Pa.Super.2011) (unpublished memorandum). Appellant requested his appellate counsel to seek discretionary review with the Pennsylvania Supreme Court in three separate letters between June 16, 2011 and August 2, 2011. Appellate counsel sent a letter to Appellant on August 16, 2011, after the period for filing for permission of allowance of appeal, indicating that, since Appellant's case involved a challenge to the discretionary aspects of his sentence, no appeal could be filed with the Pennsylvania Supreme Court.

Subsequently, Appellant filed the underlying timely *pro se* PCRA petition on October 28, 2011.[2] Therein, he alleged that

---

* Former Justice specially assigned to the Superior Court.

1. While Appellant's post-sentence motion was pending, he filed a *pro se* notice of appeal to this Court. This Court quashed the appeal as interlocutory, citing *Commonwealth v. Borrero*, 692 A.2d 158, 160 (Pa.Super.1997).

2. Appellant filed a premature PCRA petition on December 8, 2010, while his direct appeal was still pending.

appellate counsel was ineffective in failing to file a requested petition for allowance of appeal. The PCRA court appointed counsel, who filed a *Turner/Finley* no-merit letter on February 10, 2012. The PCRA court initially declined to allow counsel to withdraw. Instead, the court directed PCRA counsel to address the applicability of *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003).

PCRA counsel apparently complied on February 29, 2012, arguing that Appellant's claim remained meritless because the Pennsylvania Supreme Court is generally without authority to grant allowance of appeal in a case solely involving a defendant's discretionary aspects of sentencing claim.[3] The PCRA court issued a Pa. R.Crim.P. 907 notice of its intent to dismiss. Appellant filed a timely *pro se* response challenging the court's conclusion as to his *Liebel* claim only. The court issued a final order on April 18, 2012, dismissing Appellant's petition and allowing counsel to withdraw. This timely appeal ensued on May 15, 2012.

The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, filing an original statement on June 19, 2012 and an amended statement on June 25, 2012. The original 1925(b) statement included Appellant's *Liebel* ineffectiveness claim and an additional issue not raised in his *pro se* petition. The amended 1925(b) statement also set forth various issues that Appellant had not included in his *pro se* petition. Appellant now argues both his *Liebel* claim and each of the non-*Liebel* issues on appeal.

The PCRA court issued a Pa.R.A.P. 1925(a) decision, concluding that Appellant waived all of the issues not related to his ineffectiveness claim regarding appellate counsel's failure to file a petition for allowance of appeal. As it pertained to that issue, the PCRA court determined that, because the Pennsylvania Supreme Court does not have jurisdiction to consider a defendant's discretionary sentencing challenge, appellate counsel could not be ineffective in declining to appeal to the Supreme Court. Appellant's lone issue in his statement of questions presented is "Whether the PCRA court committed erred [sic] and/or abuse[d] it's [sic] discretion and violated Appellant's right to due process and equal protection of law in failing to allow Appellant the opportunity to amend his PCRA petition and adding issues of arguable merit, prior to dismissing [the] petition without a hearing?" Appellant's brief at 4.[4]

3. The PCRA court's Pa.R.A.P. 1925(a) opinion and several orders indicate that counsel responded to its order directing him to consider *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003). Nevertheless, the response is neither docketed nor contained within the certified record to this Court. We disapprove of counsel's and the court's failure to docket the response. However, Appellant does not dispute the PCRA court's recitation of the substance of *Turner/Finley* counsel's addressing of *Liebel.*

4. In his table of contents and argument section of his brief, Appellant lists four issues:
   (A) Trial counsel was ineffective assistance [sic] for failing to request of the court to conduct an individual voir dire and/or move for a mistrial based on potential prejudice place [sic] after the remove [sic] to juror number # 11 from the jury panel.
   (B) Trial counsel was ineffective assistance [sic] for ill-advising appellant in not testifying in his own behalf at trial.
   (C) Trial counsel was ineffective assistance [sic] for failing to file [a] requested allowance of appeal to the Pennsylvania Supreme Court.
   (D) PCRA court [sic] was ineffective assistance [sic] in failing to raise and preserve the issues of trial counsel's ineffectiveness for failing to object and/or

■■■ This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super.2012). Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Id.* Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id.* (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Id.*

Although Appellant presents only one issue in his statement of questions, he breaks down his argument respecting that claim into four subparts. Appellant's overarching position is that the PCRA court erred in declining to allow him to amend his petition to include the four issues he sets forth herein. While we are aware of the minor briefing deficiencies insofar as Appellant's brief does not strictly comply with our appellate rules, these irregularities do not prevent us from discussing Appellant's arguments.

The first argument Appellant levels is that trial counsel was ineffective in failing to object or move for a mistrial after the trial court conducted an individual *voir dire* of an empaneled juror and removed that juror from the jury without questioning additional jurors. Appellant contends

that, although the trial court removed the juror in question after the juror admitted to personally knowing one of the prosecution's witnesses, the court did not inquire whether that juror had prejudiced the remaining jury panel members by discussing with them his familiarity with the witness. The Commonwealth counters that Appellant's issue is waived because he did not raise it before the PCRA court. Additionally, the Commonwealth maintains that Appellant's assertion that PCRA counsel was ineffective for failing to raise the issue below is waived for neglecting to assert PCRA counsel's ineffectiveness in his response to the PCRA court's Pa.R.Crim.P. 907 notice of dismissal.

■■ We agree that Appellant's underlying trial counsel ineffectiveness claim is waived for failing to raise it before the PCRA court in his *pro se* petition, and that his derivative PCRA counsel ineffectiveness claim is waived for failing to assert it in his response to the PCRA court's Pa. R.Crim.P. 907 notice. In *Rykard, supra,* we outlined both the proper procedure for raising trial counsel ineffectiveness claims not originally included in a *pro se* petition where counsel files a *Turner/Finley* no-merit letter, as well as the mode for preserving a claim of PCRA counsel ineffectiveness.

Although *Rykard* was decided after the PCRA court issued the final order in this case, it relied on case law extant at the time of Appellant's underlying PCRA matter. *See Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875, 879 n. 3, 880 n. 4 (2009); *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167, 1191 (1999). In *Rykard*, we concluded that a petitioner must request

---

move for a mistrial and/or at a minimum request of the court to conduct an individual juror voir dire to determined [sic] if juror number # 11 prior to his removal exposed to the remaining

members of the panel "potential" prejudice towards appellant.

Appellant's brief at i.-ii.; Appellant's brief at 8–15.

leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims. *Rykard, supra* at 1192; *see also Commonwealth v. Porter,* 613 Pa. 510, 35 A.3d 4, 12 (2012) (Pa.R.Crim.P. 905 governing amending petitions is not self-authorizing); *Commonwealth v. Derrickson,* 923 A.2d 466, 469 (Pa.Super.2007) (after receiving notice that petition was untimely the petitioner "should have sought leave to amend his petition" to allege timeliness exceptions).

■ Where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues. *Rykard, supra; see also Williams, supra* at 1191. In contrast, where the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising

the issue while the PCRA court retains jurisdiction. *See also Pitts, supra; Commonwealth v. Ford,* 44 A.3d 1190 (Pa.Super.2012).[5] Since Appellant did not seek leave to amend his petition or otherwise preserve his trial counsel and PCRA counsel ineffectiveness claims, he waived the issues he raised for the first time in his Pa.R.A.P. 1925(b) statements. Further, the court cannot have erred in declining to allow Appellant to amend his petition where he never sought that relief before the PCRA court.

Appellant's next position is that trial counsel provided ineffective assistance by improperly advising him not to testify in his own defense. Appellant acknowledges that he underwent an on-the-record colloquy regarding his federal and state constitutional rights to testify, but posits that the colloquy failed to demonstrate that he knowingly and willingly waived his right to

---

**5.** We note that in *Commonwealth v. Burkett,* 5 A.3d 1260 (Pa.Super.2010), this Court distinguished *Commonwealth v. Pitts,* 603 Pa. 1, 981 A.2d 875 (2009), and held that, where no Pa.R.Crim.P. 907 notice was supplied, we could analyze a claim of PCRA counsel ineffectiveness for the first time on appeal. However, in *Burkett,* the defendant's petition was denied prior to the decision in *Pitts,* which for the first time announced the rule that PCRA-counsel-ineffectiveness claims had to be raised at the PCRA level. In *Commonwealth v. Ford,* 44 A.3d 1190 (Pa.Super.2012), this author, who also penned *Burkett,* noted, after discussing *Burkett,* that case law following that decision indicated that a majority of the Pennsylvania Supreme Court required a petitioner to preserve the claim while the PCRA court retained jurisdiction, irrespective of whether Rule 907 notice was provided. *Ford, supra* at 1200–1201 ("a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court."); *see also Commonwealth v. Jette,* 611 Pa. 166, 23 A.3d 1032, 1044 n. 14 (2011); *Commonwealth v. Hill,* 609 Pa. 410, 16 A.3d 484, 497 n. 17 (2011); *id.* at 498 (Saylor, J. dissenting);

*Commonwealth v. Paddy,* 609 Pa. 272, 15 A.3d 431, 479 (2011) (Saylor, J. concurring and dissenting) ("a majority of the Court now appears to be suggesting that there effectively can be no state-level redress for such deficient [PCRA counsel] stewardship."); *see also Commonwealth v. Potter,* — Pa. ——, 58 A.3d 752 (2012) (*per curiam* order) (decided after *Ford, supra,* and vacating this Court's resolution of a claim of PCRA counsel ineffectiveness); *see also Commonwealth v. Colavita,* 606 Pa. 1, 993 A.2d 874, 894 n. 12 (2010) (decided prior to *Burkett* and where the Court opined that while the issue was not properly before it, ineffective assistance of PCRA counsel claims cannot be raised on direct appeal or discretionary appeal).

While this author was sympathetic in *Ford* to the plight of certain PCRA petitioners with regard to advancing PCRA counsel ineffectiveness claims, in this case, since the court supplied Rule 907 notice, it is evident that Appellant was afforded an opportunity to preserve any claim of PCRA counsel's ineffectiveness. The procedural default rule pertaining to raising PCRA counsel's ineffectiveness in a Rule 907 response was firmly established at the time of the underlying PCRA matter.

testify. In this regard, Appellant avers that trial counsel incorrectly instructed him that if he testified, it would open the door to evidence of his "unsubstantiated affiliation with the 'BLOODS' street organization." Appellant's brief at 11.

According to Appellant, his claim is analogous to an issue that entitled a defendant to a new trial in *Commonwealth v. Nieves*, 560 Pa. 529, 746 A.2d 1102 (2000). *Nieves* involved a capital direct appeal prior to our Supreme Court's decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). The defendant alleged that his trial counsel was ineffective in advising him not to testify because he could be impeached with his prior criminal record, which did not include *crimen falsi* crimes. The *Nieves* Court agreed, opining that, because "the common pleas court credited [Nieves'] testimony that his decision not to testify was based solely on this erroneous advice, such decision cannot be deemed knowing or intelligent." *Nieves, supra* at 1105. The defendant in *Nieves* did undergo a colloquy regarding whether he wished to testify, indicating that he was waiving his right to testify. *Id.* at 1103.

The Commonwealth responds that this issue is waived because Appellant did not advance the claim before the PCRA court. In addition, as with Appellant's previous challenge, the Commonwealth posits that his attempt to overcome waiver by asserting PCRA counsel's ineffectiveness fails because he did not present that issue in his Pa.R.Crim.P. 907 response. For the same reasons we outlined in relation to Appellant's first argument, his trial counsel and PCRA counsel ineffectiveness claims are waived.

█ In addition, where a defendant voluntarily waives his right to testify after a

colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand. *Commonwealth v. Peay*, 806 A.2d 22, 29 (Pa.Super.2002); *Commonwealth v. Schultz*, 707 A.2d 513, 520 (Pa.Super.1997). While *Nieves* recognizes that there can be limited instances where a colloquy does not preclude trial counsel from being held ineffective based on erroneous advice provided to his client about testifying, Appellant's failure to plead the matter excuses PCRA counsel from not broaching this non-record-based claim in his *Turner/Finley* no-merit letter.[6] *Compare Commonwealth v. Porter*, 556 Pa. 301, 728 A.2d 890, 894–895 (1999) (*Turner/Finley* counsel is not ineffective for failing to conduct extra-record investigations of issues that were raised in *pro se* petition); *see also Turner, supra* (PCHA counsel must address those issues the petitioner wishes to raise); *Finley, supra* (same).

█ The third issue Appellant raises is the claim he asserted in his *pro se* petition and that PCRA counsel addressed in his *Turner/Finley* no-merit letter. That issue concerns Appellant's allegation that direct appeal counsel rendered ineffective assistance in failing to petition the Pennsylvania Supreme Court for discretionary review of this Court's decision finding his discretionary sentencing claim did not entitle him to relief. Appellant contends that counsel was *per se* ineffective for declining to seek allowance of appeal pursuant to *Liebel, supra.*

In *Liebel*, the defendant pled guilty generally to murder. Following a degree-of-guilt hearing, the court found Liebel guilty of first-degree murder. Before sentencing, Liebel sought to withdraw his guilty plea. The trial court denied his request,

---

**6.** Although Appellant's colloquy is on-the-record, the advice provided to him by counsel relative to his decision not to testify is not record-based.

and newly-appointed counsel filed a post-sentence motion arguing plea counsel was ineffective and that the trial court erred in declining to permit him to withdraw his plea. The court denied Liebel's motion, and this Court affirmed. Appellate counsel then promised Liebel that he would file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days. However, counsel neglected to timely file that petition and informed his client that he would have to seek PCRA relief in the nature of requesting a *nunc pro tunc* right to file the petition for allowance of appeal. Liebel did so, but the PCRA court denied relief on the grounds that his claim was not cognizable under the statute because the claim did not relate to his guilt or innocence. This Court affirmed.

On appeal, the Pennsylvania Supreme Court held that where appellate counsel informs his client that he will file a petition for allowance of appeal, but fails to do so in timely fashion, a cognizable claim of appellate counsel's ineffectiveness exists. The Court further held that, in such an instance, a petitioner is not required to prove that the Pennsylvania Supreme Court would have granted the petition. Subsequent decisions by the Pennsylvania Supreme Court have confirmed that counsel is *per se* ineffective for failing to file a requested petition for allowance of appeal. *Commonwealth v. Reed*, 601 Pa. 257, 971 A.2d 1216, 1225 (2009); *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1129 (2007).

The Commonwealth, citing *Commonwealth v. Ellison*, 851 A.2d 977 (Pa.Super.2004), counters that, since the claim Appellant wished to raise was frivolous, counsel cannot be deemed ineffective. It highlights that under 42 Pa.C.S. § 9781(f), the Pennsylvania Supreme Court cannot grant a defendant's appeal of the discretionary aspects of his sentence in order to review the actual sentence. *See Commonwealth v. Perry*, 612 Pa. 557, 32 A.3d 232, 236 n. 10 (2011); *Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, 894 (1996); *Commonwealth v. Rosario*, 535 Pa. 282, 635 A.2d 109, 109–110 (1993); *see also Commonwealth v. Pasture*, 614 Pa. 333, 37 A.3d 1174 (2012) (*per curiam* ) ("*Pasture I* ") (Saylor, J. dissenting).

In *Ellison*, this Court interpreted *Liebel* as requiring a petitioner to show that "he asked his attorney to file a [petition for allowance of appeal] and there is some chance that the Supreme Court would have taken his case, *i.e.,* his claims are not completely frivolous." *Ellison, supra* at 981. Following *Ellison*, a panel of this Court in *Commonwealth v. Cooke*, 852 A.2d 340 (Pa.Super.2004), remanded for an evidentiary hearing to determine whether the defendant requested counsel to file a petition for allowance of appeal and, if he did, whether counsel's decision not to seek *allocatur* was justified.

Therein, after reinstatement of the defendant's direct appeal rights, Cooke filed a direct appeal challenging the discretionary aspects of his sentence and asserting that trial counsel was ineffective for inducing him to enter an open guilty plea. This direct appeal was filed and decided prior to the Pennsylvania Supreme Court decision in *Grant, supra,* limiting ineffectiveness claims to PCRA proceedings. A panel of this Court affirmed Cooke's judgment of sentence on July 19, 2002. Cooke averred that on August 4, 2002, he asked counsel to appeal that decision. Counsel, however, on August 20, 2002, provided Cooke a letter informing him that he no longer had a right to appointed counsel and that representation would be discontinued. As Cooke could no longer timely seek a discretionary appeal when he received the letter, he filed another PCRA petition asking for an extension to file a

petition for allowance of appeal. The PCRA court denied relief. Relying on *Commonwealth v. Gadsden*, 832 A.2d 1082 (Pa.Super.2003), and *Liebel, supra*, this Court vacated the PCRA court's order and directed the court to conduct an evidentiary hearing on whether appellate counsel consulted with Cooke and whether Cooke asked counsel to seek *allocatur*.

In *Gadsden, supra*, the defendant pled guilty and, following sentencing, sought to withdraw his plea and contended that his drug mandatory minimum sentence was illegal. This Court affirmed. Thereafter, appellate counsel informed Gadsden that he would not seek review with the Pennsylvania Supreme Court. Gadsden filed a *pro se* PCRA petition less than two weeks later and contended that appellate counsel rendered ineffective assistance in declining to file for allowance of appeal. The PCRA court denied relief. The *Gadsden* Court vacated the PCRA court's decision and concluded that a claim that counsel failed to adequately consult with his client regarding a petition for allowance of appeal was a cognizable claim.

Thereafter, in *Commonwealth v. Bath*, 907 A.2d 619 (Pa.Super.2006), this Court distinguished between an unjustified failure to seek discretionary review and the failure of counsel to consult with his client regarding filing such an appeal. The *Bath* Court, consistent with *Liebel* and *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), noted that counsel is *per se* ineffective for declining to file a requested discretionary appeal with the Pennsylvania Supreme Court. In addition, where there is no indication that the defendant asked counsel to petition for allowance of appeal, the petitioner still may establish that counsel was ineffective if he failed to adequately consult with the defendant regarding such an appeal. In this situation, however, the defendant must show that a duty to consult arose and that any of his issues rose "above frivolity." *Bath, supra* at 624.

Instantly, this case presents a novel issue. Specifically, was counsel *per se* ineffective in declining to file a petition for allowance of appeal where the sole issue that he could pursue was a discretionary sentencing claim? We find that, because the Pennsylvania Supreme Court is generally statutorily precluded from reviewing a defendant's discretionary sentencing claim, counsel was not *per se* ineffective in not seeking a discretionary appeal after this Court affirmed Appellant's sentence where that was the lone issue Appellant wished to be reviewed.

Section 9781(f) provides, "[n]o appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." We are cognizant that the Pennsylvania Supreme Court has reviewed Commonwealth appeals from this Court's decisions to vacate a sentence based on a discretionary sentencing claim. In those instances, the High Court was asked to determine whether this Court reviewed the issue under the proper legal standards. *Perry, supra; see also Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007); *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002) (plurality); *Pasture I, supra; Commonwealth v. Pasture*, —— Pa. ——, 77 A.3d 618 (2013) (granting review of Superior Court decision vacating the defendant's sentence a second time after original *vacatur* in *Pasture I* ).

The Pennsylvania Supreme Court can also grant review to a defendant, where this Court reversed a discretionary sentence because it was too lenient, to decide whether we exceeded our standard of review and supplanted the trial court's discretion. *See Smith, supra*. Concomitantly, the Pennsylvania Supreme Court has

granted review of a decision by this Court that a defendant's discretionary sentencing claim did not present a substantial question for review. *See Mouzon, supra.* Similarly, a decision by this Court finding that a discretionary sentencing claim was waived or was not waived would be reviewable. In addition, the Supreme Court might choose to review a case involving an alleged conflict in this Court's jurisprudence relating to a discretionary sentencing issue. In each of these instances, our High Court is not analyzing the merits of the sentencing claim.

We are unaware of any case, and Appellant supplies none, where the Pennsylvania Supreme Court has distinguished § 9781(f), and granted review in a case solely involving a discretionary sentencing issue where this Court affirmed the sentence. *But see Commonwealth v. Cottle,* 493 Pa. 377, 426 A.2d 598 (1981).[7] In *Walls, supra, Perry, supra,* and both *Pasture* cases, the High Court granted review to the Commonwealth after this Court reversed a trial court's sentence. *But see Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989) (quashing Commonwealth appeal after this Court reversed a trial court's sentence based on § 9781(f)). In *Smith,* the Supreme Court reviewed a defendant's appeal after this Court reversed a trial court's mitigated sentence and remanded for re-sentencing based on an interpretation of a Supreme Court precedent. The Court in *Mouzon* examined a defendant's appeal to decide whether a claim that a sentence was excessive raised a substantial question for review.

These cases indicate that the Supreme Court does have jurisdiction to consider whether this Court properly applied the correct standard of review, accurately interpreted governing precedent or statutory law, or erred in its legal conclusion that a claim does not present a substantial question for review. However, § 9781(f) would be rendered meaningless if the High Court could review this Court's affirmance of a discretionary sentencing challenge absent such additional factors. Unlike *Liebel* and its progeny, this case involved a single issue on direct appeal that was not appealable to the Supreme Court. *Perry, supra* at 236 n. 10 ("pursuant to subsection (f), this Court is precluded from reviewing Perry's challenge to the discretionary aspects of his sentence."); *Commonwealth v. Infante,* 585 Pa. 408, 888 A.2d 783, 790 (2005); *Mouzon, supra* at 622 ("this Court lacks jurisdiction to consider challenges to the discretionary aspects of sentences that the Superior Court has already reviewed."); *Smith, supra* at 895 ("It is clear that Section 9781(f) precludes us from reviewing the discretionary aspects of a sentence."); *Rosario, supra* at 109–110 ("we may not consider whether the sentence was properly imposed, or whether the reversal by the Superior Court was correct, since 42 Pa.C.S.A. § 9781(f) deprives us of jurisdiction to address the discretionary aspects of a sentence.").

Indeed, Appellant's argument herein centers around whether his sentence was excessive and whether the trial court placed adequate reasons for its sentence on the record. Hence, he is attempting to contest the merits of his sentence. Since the Pennsylvania Supreme Court's jurisdiction is now limited in such instances by § 9781(f), the claim for which Appellant is seeking review is frivolous. *Ellison, su-*

---

7. This Court affirmed Cottle's sentence on November 4, 1978. On January 1, 1979, 18 Pa.C.S. § 1386(f), now 42 Pa.C.S. § 9781(f), became effective. The Supreme Court granted allowance of appeal on March 1, 1979, and reversed. It is apparent that the effective date of January 1, 1979 for § 1386(f), applied to defendants who had not yet appealed their sentence.

pra.[8]  Accordingly, we decline to extend *Liebel's per se* ineffectiveness holding to petitioners whose only allowance of appeal claim involves challenging the merits of an upheld-on-the-merits discretionary sentencing challenge to a guideline sentence.[9]

In Appellant's final argument, he asserts that PCRA counsel rendered ineffective assistance by declining to raise the issues he advanced for the first time in his 1925(b) statement.  We have previously addressed this issue in discussing Appellant's initial position.  For the reasons already set forth, Appellant waived his claims of PCRA counsel ineffectiveness.  *See Ford, supra* at 1201.

Order affirmed.

Justice FITZGERALD files a Concurring and Dissenting Statement.

8. The concurring and dissenting statement recognizes this Court's decision in *Commonwealth v. Ellison*, 851 A.2d 977 (Pa.Super.2004), but would nevertheless ignore that precedent based on its belief that the decision was an incorrect interpretation of *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003).  Rather than rely on the majority decision in *Ellison*, it cites to the non-binding concurring opinion in that case.  Unless an *en banc* court or our Supreme Court overturns *Ellison*, we are bound by that decision.  Further, the Supreme Court in *Liebel* stated, "provided that appellate counsel believes that the claims that a petitioner would raise in a PAA to this Court **would not be completely frivolous**, a petitioner certainly has a right to file such a petition to this Court." *Liebel, supra* at 635 (emphasis added).  Hence, *Ellison's* language is consistent with the discussion in *Liebel*.

The concurring and dissenting statement also suggests that we have improperly examined the substance of Appellant's petition for allowance of appeal claim.  Our review, of course, is whether the PCRA court's legal conclusion, agreeing with PCRA counsel's determination in his no-merit letter that appellate counsel was not *per se* ineffective, is erroneous.  The *Liebel* Court found "that the PCRA court erred in concluding that Appel-

## CONCURRING AND DISSENTING STATEMENT BY FITZGERALD, J.:

I agree that Appellant waived the claims of counsel's ineffectiveness he raised for the first time in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Therefore, I concur that the sole issue preserved in this appeal is Appellant's claim that prior counsel, during the direct appeal, was ineffective for failing to honor his request to file a petition for allowance of appeal in the Pennsylvania Supreme Court.  However, I respectfully dissent because I would conclude that Appellant properly pleaded a *per se* ineffectiveness claim under *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003).

In *Liebel*, the Pennsylvania Supreme Court held that under Pa.R.Crim.P. 122, a

lant's claim was not cognizable under the PCRA and dismissing his PCRA petition **without considering his claim on the merits.**" *Id.* at 636 (emphasis added).  Thus, it remanded to the PCRA court to consider the merits of the appellate counsel ineffectiveness claim for not filing a petition for allowance of appeal.  In determining whether the PCRA court erred herein, we must evaluate whether appellate counsel was *per se* ineffective, which necessarily requires looking to Appellant's petition for allowance of appeal claim.  Unlike *Liebel*, this case does not involve a promise by counsel to file a petition for allowance of appeal and a failure to do so.  Instead, direct appeal counsel elected not to file an allowance of appeal claim because he believed that such an appeal would be completely frivolous.  Our review, therefore, requires us to analyze whether this determination by direct appeal counsel resulted in *per se* ineffectiveness.

9. We note that our holding has no bearing on whether a petitioner can establish actual prejudice under this Commonwealth's traditional ineffectiveness test.  Appellant makes no argument under that test.  Nor does he proffer any argument that this Court misapplied the law or our standard of review.  Instead, he maintains only that the trial court abused its discretion in imposing its sentence.  *See* Appellant's brief at 14.

defendant "is entitled to the assistance of counsel through his discretionary appeal to th[e Pennsylvania Supreme] Court on direct appeal." [1]  *Liebel,* 825 A.2d at 634. Additionally, the Court concluded that when a defendant seeks to vindicate that right by claiming ineffectiveness based on counsel's failure to file a petition for allowance of appeal, no showing of prejudice— i.e. that his claims were such that they would warrant review by the Supreme Court—was required.  *Id.* The Court reasoned that although there is no right to allowance of appeal, there exists a "right to **file** a petition for allowance of appeal." *Id.* at 635.

The Court, however, observed:

[P]rovided that appellate counsel believes that the claims that a petitioner would raise in a [petition for allowance of appeal] to this Court would not be completely frivolous, a petitioner certainly has a right to file such a petition to this Court.  *See* Pa.R.A.P. 1112 "('An appeal may be taken by allowance ... from any final order of the Superior Court[,]' and allowance for such appeal 'may be sought by filing a petition for allowance of appeal' with this Court within the required time limit)."

*Id.*

The *Liebel* Court's proviso that appellate counsel believes that claims for allowance of appeal are not completely frivolous is an issue in this Court.  In *Commonwealth v. Gadsden,* 832 A.2d 1082 (Pa.Super.2003), this Court concluded that the proper inquiry, under *Liebel,* is "whether [a defendant] asked to file a petition for *allocator,* and if so whether counsel's failure to do so was justifiable."  *Id.* at 1088.

Subsequently, in *Commonwealth v. Ellison,* 851 A.2d 977 (Pa.Super.2004), this Court acknowledged that *Liebel* "eliminates the petitioner's need to prove prejudice."  *Id.* at 980.  However, the Court proceeded to consider whether "counsel's failure to file would be justified if the claims the petitioner wanted to raise are 'completely frivolous.'"  *Id.* at 980 (citation omitted).  The *Ellison* Court concluded:

In sum, we interpret *Liebel* to mean that a PCRA petitioner no longer needs to show that he is innocent or that the Supreme Court definitely would have taken the appeal or that he would have won in the Supreme Court in order to prove counsel's ineffectiveness for failing to file a [petition for allowance of appeal].  Nor does he need to demonstrate the merits of the underlying issues. The only things a petitioner needs to show are that he asked his attorney to file a [petition for allowance of appeal] and there is some chance that the Supreme Court would have taken his case, *i.e.,* his claims are not completely frivolous.

*Id.* at 981.  Thus, the *Ellison* Court suggested that a review of the merits of a defendant's claims may be conducted to consider whether counsel was justified in refusing to file a petition for allowance of appeal.  *Id.* at 981.

Justice Frank J. Montemuro, then assigned to the Superior Court, authored a concurring opinion in *Ellison.*  He noted that requiring a defendant to show his

---

**1.**  Presently, Rule 122 provides, in relevant part:

   (B)  When counsel is appointed,

           \*    \*    \*

   (2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122(B)(2).  Although the numbering of the paragraphs of Rule 122 has changed since *Liebel,* the current Rule contains the same operative language.

claims for allowance of appeal are not completely frivolous "clearly flies in the face of the *Liebel* pronouncement that 'where the remaining requirements of the PCRA are satisfied, **the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.**' " *Id.* at 982 (Montemuro, J. concurring).

Instantly, there is no dispute that Appellant requested counsel to file a petition for allowance of appeal from our decision affirming the judgment of sentence. Additionally, there is no dispute that counsel refused the request. Therefore, I would hold that that *Liebel* governs and would not look to the merits of Appellant's possible issues for allowance of appeal. *See id.* at 980 & n. 3 (distinguishing counsel's duty to consult with defendant regarding petition for allowance of appeal and noting *Liebel* applies when counsel fails to honor request to file petition for allowance of appeal); *cf. id.* at 982 (Montemuro, J. concurring).

The majority, however, observes that Appellant's intended claim for petition of allowance of appeal was based on a challenge to the discretionary aspects of sentencing and that 42 Pa.C.S. § 9781(f), entitled "Limitation on additional appellate review," states: "No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." 42 Pa.C.S. § 9781(f). The majority holds that a petitioner "whose only allowance of appeal claim involves challenging the merits of an upheld-on-the-merits discretionary sentencing challenge to a guideline sentence" is not entitled to claim *per se* ineffectiveness related to the failure of counsel to honor his request for seeking allowance of appeal. Majority Op. at 1089–90.

I suggest that while the majority properly characterizes the statutory limitation on appellate review of a sentence, its decision to conduct a review of possible allowance of appeal claims and then examine the substance of such claims under section 9781(f) does not comport with *Liebel. See Liebel,* 825 A.2d at 635. I further suggest that the majority's holding is difficult to apply as it requires this Court to act first as defendant's counsel when discerning possible petition for allowance claims and then as the Pennsylvania Supreme Court when determining whether possible claims will be barred by the limitation of appeals provision in section 9781(f).

Therefore, I do not join the majority's suggested exception to *Liebel* and would allow Appellant to "avail himself of the opportunity to have th[e Pennsylvania Supreme Court] at least consider whether his claims warrant . . . review[.]" *See id.*

Thus, I respectfully dissent.