J-S32023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH ROGERS | |
| Appellant | No. 2790 EDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000952-2010

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 09, 2016**

Appellant, Ralph Rogers, appeals from the August 12, 2015 order, denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On March 4, 2010, the Commonwealth filed an information charging Appellant with one count each of burglary, criminal trespass, receiving stolen property, resisting arrest, and disorderly conduct.[1]  Appellant proceeded to a jury trial on May 26, 2010, at the conclusion of which the jury found Appellant guilty of burglary and resisting arrest.   The Commonwealth

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1)(ii), 3925(a), 5104, and 5503(a)(4), respectively.

withdrew the remaining three charges before trial. On July 26, 2010, the trial court imposed an aggregate sentence of 80 to 264 months' imprisonment. Appellant filed a timely post-sentence motion on August 2, 2010, which the trial court denied on October 8, 2010. Appellant filed a timely notice of appeal, and this Court affirmed the judgment of sentence on April 17, 2012, and our Supreme Court denied *allocatur* on August 31, 2012. ***Commonwealth v. Rogers***, 48 A.3d 479 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 51 A.3d 838 (Pa. 2012).

On August 26, 2013, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on April 2, 2015. The Commonwealth filed its answer on June 29, 2015. The PCRA court conducted an evidentiary hearing on July 31, 2015. On August 12, 2015, the PCRA court entered an order denying Appellant's PCRA petition. On September 10, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant presents the following two issues for our review.

> I. Was the [PCRA c]ourt in error in denying [Appellant]'s [PCRA petition] alleging that [t]rial [c]ounsel failed to communicate with him prior to the commencement of [t]rial?
>
> II. Was the [PCRA c]ourt in error in denying [Appellant]'s [PCRA petition] alleging that [t]rial [c]ounsel did not adequately prepare and did not fully understand the issues nor

---

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> strategy that [Appellant] wished to pursue in his defense?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[3]  U.S. Const. amend. VI.

---

[3] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …."  Pa. Const. art. I, § 9.  Our Supreme
*(Footnote Continued Next Page)*

The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. ***See generally Strickland v. Washington***, 466 U.S. 668, 686 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." ***Fears***, ***supra*** at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." ***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, ***Elliott v. Pennsylvania***, 135 S. Ct. 50 (2014).

Although couched as two issues, we address both of Appellant's issues together, because his brief states that he relies on his first issue in support of his second issue. Appellant's Brief at 11. Appellant avers that trial

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. ***Pierce***, ***supra*** at 976.

- 4 -

counsel was ineffective because he "did not communicate with [Appellant] prior to the commencement of [t]rial." *Id.* at 8. In Appellant's view, "[t]he only time that [Appellant] talked to his attorney after the [p]retrial [c]onference was a day or two before [t]rial and the only conversation then was [trial counsel] informing his client that [t]rial was starting on the 27th." *Id.* Appellant purports to rely on our Supreme Court's decision in *Commonwealth v. Brooks*, 839 A.2d 845 (Pa. 2003).

In *Commonwealth v. Johnson*, 51 A.3d 237 (Pa. Super. 2012) (*en banc*), *appeal denied*, 63 A.3d 1245 (Pa. 2013), this Court discussed *Brooks* and applied it to a similar claim to the one in this case.

> In *Brooks*, the appellant was convicted of first-degree murder and sentenced to death following a trial where he elected to proceed *pro se*. *Brooks, supra* at 247. At the beginning of jury selection, the appellant informed the trial court that he wished to represent himself because his attorney had not met with him at any time up to that point. *Id.* at 247 n.3. His attorney testified that he could only recall one telephone conversation with his client prior to trial, and that lasted no more than half an hour. *Id.* at 249. His attorney also testified that he did not meet with Brooks while he was in prison because he was not "looking forward to spending any time alone with Mr. Brooks." *Id.* In finding that Brooks' attorney had no reasonable basis for not meeting with his client, the Court concluded the following.
>
> > General fear of a potential conflict in the lawyer-client relationship and a busy schedule simply cannot serve as a reasonable basis for failing to have personal contact with a client prior to that client's trial on capital charges. To the contrary, failure to do so is 'simply an

- 5 -

abdication' of the most basic expectations of defense counsel in a capital case.

*Id.* at 250. The Court held that "the very nature of a capital case ... clearly necessitates at least one in-person meeting between a lawyer and his client before trial begins." *Id.* at 249. Moreover, our Supreme Court noted "no lawyer, no matter how talented and efficient, can possibly forge a meaningful relationship with his client and obtain adequate information to defend that client against first-degree murder charges in a single thirty-minute telephone conversation." *Id.*

*Id.* at 243. Applying our understanding of *Brooks* in *Johnson*, this Court concluded the defendant was not entitled to a new trial.

[Johnson] avers that because [trial counsel] failed to meet with him face-to-face until the eve of his trial, he is entitled to relief under *Brooks.* We disagree. Our Supreme Court emphasized in *Brooks* that Brooks' attorney failed to meet with his client "at all." [*Brooks*, *supra*] at 248. In this case, [trial counsel] represented [Johnson] at his preliminary hearing and criminal arraignment, conducted a face-to-face meeting at his preliminary hearing, conducted another face-to-face meeting at the prison with [Johnson] prior to trial, and performed at least one telephone consultation. PCRA Court Opinion, 7/7/10, at 11–12, *citing N.T.,* 3/6/06, at 48–49; N.T., 3/6/06, at 73–74. While we acknowledge that more contact may have been advisable, we disagree with [Johnson] that the length and frequency of the consultations alone can support a finding of ineffectiveness. We further decline to read *Brooks* so rigidly that we are precluded from evaluating the substantive impact of the consultations [trial counsel] did perform.

*Id.* at 243-244. Turning to our evaluation of trial counsel's performance, we noted that even with the admittedly limited meetings, trial counsel ably put on a defense for Johnson.

> The record in this case establishes unequivocally that [trial counsel] retained an investigator who testified at the evidentiary hearings that he had interviewed numerous witnesses prior to trial[,] presumably at [trial counsel]'s request[,] and that five of those witnesses end[ed] up testifying at trial for the defense. Even the alleged alibi witness, Ronald Crawford, who did not appear to testify at trial, was the subject of extensive efforts on the part of the investigator to secure him as a defense witness. In addition, the record clearly establishes that [trial counsel] subjected all of the Commonwealth['s] witnesses to meaningful and effective scrutiny and cross-examination.

*Id.* at 244, *quoting* PCRA Court Opinion, 7/7/10, at 13–14. Therefore, we concluded that **Brooks** did not entitle Johnson to a new trial. **Id.**

Consistent with **Johnson**, the PCRA court declined to apply **Brooks** in this case, based on the following evaluation of trial counsel's performance.

> [Trial counsel] … testified at the evidentiary hearing about his past pre-trial, in person meetings and relevant discussions with [Appellant]. [Trial counsel] confirmed that he met with [Appellant] at least two (2) times prior to trial. Similar to [Appellant's] testimony, [trial counsel] testified that the primary focus of these communications included the following: [Appellant's] past burglary convictions; [t]he impact of these previous convictions at bar; [Appellant's] decision to refrain from testifying at trial; [p]otential trial defenses; [Appellant's] sentencing exposure if he were found guilty of these charges; and [Appellant's] choice to not [] present any defense witnesses. [Trial counsel] additionally described that if he elected to

testify at trial[,] his past conviction(s) for burglary would be admitted for impeachment purposes against him. [Appellant] and his trial lawyer determined from these discussions that the best available defense and consistent with [Appellant's] version of the events was to attack the victim's credibility based on his pending, criminal drug charges together with use of the prosecution's evidence as material to suggest the charged event was something other than a burglary.

…

In his witness appearance at the collateral hearing, [trial counsel] testified that stemming from his pre-trial discussions with [Appellant,] he well appreciated that [Appellant]'s contention [was] that the Commonwealth's trial allegations stemmed from a drug deal gone "awry" and [that counsel] had determined as well as communicated to [Appellant] the trial defense would be an incorporation of the drug deal "gone bad" assertion of [Appellant] in combination with a vigorous attack on the victim's credibility, including but not limited to confronting the victim when testifying about his then having a possession with intent to deliver prosecution pending against him. Wholly consistent with that which he discussed pre-trial with [Appellant], [trial counsel] mounted at trial such a defense.

PCRA Court Opinion, 12/4/15, at 10-11 (internal citations and footnote omitted).

Our review reveals that the PCRA court's findings are supported by the record. Trial counsel testified at the PCRA hearing that he met with Appellant on two occasions, once at the pre-trial conference and one other time two days before trial. N.T., 7/31/15, at 57. Trial counsel testified that their meetings consisted of discussing Appellant's prior burglary convictions,

and his choice not to testify for fear that those prior convictions would have become admissible against him. *Id.* at 48-49. The two also discussed Appellant's version of events it was "a drug deal gone bad." *Id.* at 49. Trial counsel also iterated that Appellant did not give him the names of any witness that Appellant wished to subpoena for trial. *Id.* at 50. They also discussed that the victim had a pending drug prosecution at the time, which they planned to bring up at trial as an attack on the victim's credibility. *Id.* at 49.

Turning to the trial transcript, we note that trial counsel successfully argued motions *in limine* to bring up the victim's pending drug prosecution, and preventing the Commonwealth from introducing any prior bad acts. N.T., 5/26/10 (Robing Room Conference) at 11-15, 17-18. During trial, trial counsel immediately brought up the victim's pending prosecution in his opening statement. N.T., 5/26/10 (Trial), at 123. In addition, trial counsel cross-examined the victim on the drug issue in this case. *Id.* at 167-172. This was part of trial counsel's lengthy cross-examination of the victim. *See generally id.* at 149-173, 189-193, 199-204.

As we explained in *Johnson*, "[w]e … decline to read *Brooks* so rigidly that we are precluded from evaluating the substantive impact of the consultations [trial counsel] did perform." *Johnson*, *supra* at 243. Turning to that substantive impact, it is evident that trial counsel did mount a defense at trial to the jury. Appellant's brief does not suggest what

- 9 -

additional things trial counsel should have done. Although Appellant's brief argues that he gave names of certain witnesses to trial counsel to subpoena in his defense, trial counsel denied the allegation, and the PCRA court found trial counsel's testimony credible. Appellant's Brief at 11; PCRA Court Opinion, 12/4/15, at 24. As we have explained, the record supports the PCRA court's factual findings and credibility determinations. Furthermore, consistent with *Johnson*, the PCRA court's legal conclusion that *Brooks* does not necessitate granting Appellant relief is correct. Therefore, both of Appellant's issues on appeal fail.

Based on the foregoing, we conclude the PCRA court properly denied Appellant's PCRA petition. *See Fears*, *supra*. Accordingly, the PCRA court's August 12, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016