J-S15017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL D. KARRAKER | : | |
| | : | |
| Appellant | : | No. 1020 WDA 2018 |

Appeal from the Order Entered June 21, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000559-2016

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED JULY 22, 2019**

Appellant, Michael D. Karraker, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because Appellant was sentenced following a conviction for failure to comply with registration requirements[1] of the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41 ("SORNA"),[2] and SORNA was not enacted at the time of his underlying conviction, he is entitled to relief.  We therefore reverse the order of the PCRA court.[3]

The PCRA court summarized the procedural history as follows:

_____

[1] 18 Pa.C.S. § 49151.1.

[2] Effective December 20, 2012.

[3] We note that the Commonwealth failed to file a brief in this matter.

_____

*   Retired Senior Judge assigned to the Superior Court.

> [Appellant] was convicted of the crime of Aggravated Indecent Assault, 18 Pa.C.S.A. [§] 3125(a)[(]8), in Westmoreland County on or around July 9, 2010. Under the version of Megan's Law then in effect, he was subject to a lifetime reporting requirement because of it and had only 48 hours to notify the police when he changed addresses. Seven years later, he was charged in Jefferson County for failing to register when he moved out of the homeless shelter where he was staying. He was charged under [42 Pa.C.S.] § 4915.1 for a first violation.
>
> [Appellant] pled guilty and was sentenced in a single proceeding that took place on July 19, 2017.[4]

PCRA Court Opinion, 6/21/18, at 1.

Appellant filed a timely *pro se* PCRA petition on December 20, 2017, challenging his sentence in light of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The PCRA court appointed counsel on December 22, 2017. Counsel's motion to amend the PCRA petition was granted, and an amended PCRA petition was filed on January 30, 2018. Appellant's PCRA petition was denied on June 21, 2018. Appellant filed a notice of appeal on July 16, 2018. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. Was [Appellant's] conviction of the crime of 'Failure to comply with registration requirements' (18 Pa.C.S.A. Sec. 4915.1(a)(1)) invalid, and the July 19, 2017, sentence for said conviction of, inter alia, eighteen (18) months to seventy-two (72) months incarceration thereby rendered illegal, as being in violation of both the Constitution of the Commonwealth of Pennsylvania and of the Constitution of the United States where the elements of the crime he was convicted of can only be established by proof that [Appellant] was then subject to the provisions of Pennsylvania's Sex Offender Registration and

---

4 Appellant did not file a direct appeal.

- 2 -

Notification Act (SORNA) and said conviction resulted from retroactive application of SORNA's registration provisions in violation of the ex post facto clauses of both consitutions?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

On appeal, Appellant argues that his sentence is illegal under *Muniz*. Appellant's Brief at 8-18. In *Muniz*, our Supreme Court held that retroactive application of the registration and reporting requirements of SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1223. More specifically, the *Muniz* Court explained that the reporting and registration requirements under SORNA are punitive and that their retroactive application to offenses committed prior to SORNA's

effective date, December 20, 2012,[5] violates the *ex post facto* clauses of the Constitutions. ***Id.***

Recently, in ***Commonwealth v. Wood***, 208 A.3d 131 (Pa. Super. 2019) (*en banc*), this Court applied ***Muniz*** in addressing an issue similar to the one presently before us. In ***Wood***, the appellant pled guilty to one count of statutory sexual assault for a crime he committed prior to December 2012, and he was deemed a lifetime registrant. ***Wood***, 208 A.3d at 132. In June of 2017, the appellant pled guilty to failure to comply with registration requirements under SORNA. ***Id.*** at 132-133. Following our Supreme Court's ruling in ***Muniz*** in July of 2017, the appellant filed an appeal on the basis of the ***Muniz*** holding. ***Wood***, 208 A.3d at 133. The ***Wood*** Court concluded that because the appellant committed the underlying crime before SORNA's effective date, application of SORNA's registration and reporting requirements to him "violated *ex post facto* prohibitions." ***Id.*** at 138. Because the conviction for failure to register was based on a violation of "retroactively applied registration requirements under SORNA, and because such retroactive application of SORNA [was] unconstitutional under ***Muniz***," we reversed the appellant's conviction for failure to register and vacated that judgment of sentence. ***Id.*** at 140.

---

[5] In ***Commonwealth v. Wood***, 208 A.3d 131 (Pa. Super. 2019) (*en banc*), this Court stated that SORNA's effective date triggers its application. ***Wood***, 208 A.3d at 137.

In the case *sub judice*, similar to the appellant in **Wood**, Appellant's underlying conviction was for a crime he committed prior to December 2012. Therefore, his 2017 conviction for failure to comply with registration requirements was based on a violation of "retroactively applied registration requirements under SORNA." **Wood**, 208 A.3d at 140. Because the retroactive application of SORNA is unconstitutional under **Muniz**, his conviction and sentence for failure to register cannot stand.

We further address the PCRA's court's basis for denying Appellant's PCRA petition. In its opinion, the PCRA court addressed the holding in **Muniz**, but emphasized that in **Muniz**, the appellant went from being a ten-year registrant under the version of Megan's Law in effect when he pled guilty to a being a lifetime registrant under SORNA. PCRA Court Opinion, 6/21/18, at 1. The PCRA court further stated:

> Unlike the **Muniz** defendant, [Appellant] was a lifetime registrant from the date of his conviction. Accordingly, SORNA did not impose a greater burden that that to which he was already subject, which means that the reasoning adopted in **Muniz** is inapposite. As applied to [Appellant], therefore, § 4915.1 was not an *ex post facto* law. His substantive claim is thus without merit[.]

PCRA Court Opinion, 6/21/18, at 2.

We recognize that in this case, SORNA does not affect the length of Appellant's lifetime registration obligation. At the time he committed these

offenses, he was subject to Megan's Law III,[6] was categorized a Tier III offender, and was mandated lifetime registration.[7] Under SORNA, Appellant also was subjected to lifetime registration.[8] **Compare** 42 Pa.C.S. § 9795.1(b)(2) (expired) with 42 Pa.C.S. §§ 9799.14(d), 9799.15(a)(3). Although it did not increase the period of registration, SORNA did enhance registration requirements for Tier III offenses, including quarterly in-person reporting and dissemination of personal information via an Internet website. **Muniz**, 164 A.3d at 1210-1213 (citing **Commonwealth v. Perez**, 97 A.3d 747, 765 (Pa. Super. 2014) (Donohue, J. concurring)). These additional, more stringent registration requirements constitute a greater punishment than what would have been imposed under Megan's Law III. As such, retroactive application of these enhanced registration requirements runs afoul of constitutional *ex post facto* prohibitions. **Muniz**, 164 A.3d at 1193, 1216. The fact that the length of registration requirements under both Acts is the same does not make the retroactive application of SORNA's reporting requirements constitutional. **See Wood**, 208 A.3d at 132-140 (the appellant was subjected

---

[6] Megan's Law III was signed into law on November 24, 2004, and expired on December 20, 2012, when it was replaced by SORNA. Act 152 of 2004.

[7] Megan's Law III was invalidated by our Supreme Court's decision in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013).

[8] Because Appellant was still required to register with the state police at the time SORNA went into effect, SORNA purported to impose the new registration requirements and other provisions of SORNA on him retroactively. **See** 42 Pa.C.S. § 9799.13(3)(i) (requiring any individual who had not completed his or her registration period under prior registration statutes as of SORNA's December 20, 2012 effective date to register and comply with SORNA).

to lifetime registration requirements under Meagan's Law III and SORNA, and this Court held that retroactive application of SORNA registration requirements was unconstitutional under **Muniz**). Accordingly, because Appellant's 2017 conviction for failure to register is based on his violation of retroactively applied registration requirements under SORNA, and because such retroactive application of SORNA is unconstitutional under **Muniz**, we reverse the PCRA court's order denying relief and Appellant's conviction for failure to register, and vacate that judgment of sentence.

Order reversed. Judgment of sentence vacated. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2019