J-A10027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND ROBERT DAVIS | |
| Appellant | No. 1238 MDA 2014 |

Appeal from the Order Entered May 1, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002292-2010

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                     **FILED APRIL 24, 2015**

Appellant, Raymond Robert Davis, appeals from the May 1, 2014 order, denying his first petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant factual and procedural history of this case as follows.

> [T]he Commonwealth alleged in general that a confidential informant … contacted [Appellant], also known as "G" or "Gutter", and arranged for … a controlled purchase of heroin, which did occur at an apartment located at 58 North Hancock Street, Wilkes-Barre, Pennsylvania on April 7, 2010.  At approximately the same time that [the C.I.] entered the North Hancock Street residence, surveillance being conducted in the area by Pennsylvania State Troopers observed [Appellant] leave a nearby apartment located at 27 Dougher Lane, Wilkes-Barre and enter the North Hancock Street residence.  [The C.I.] informed the Troopers that he observed

[Appellant] enter the North Hancock Street residence and provide the heroin for the sale. Similar contacts and/or sales were made on April 15, 2010 and April 22, 2010.

On April 28, 2010, search warrants were executed at 58 North Hancock Street, Wilkes-Barre and 27 Dougher Lane, Wilkes-Barre simultaneously. A large amount of [c]rack [c]ocaine, [p]owder [c]ocaine, and [h]eroin were seized along with packaging materials, cutting agents, and scales and a surveillance system with cameras pointing both North and South along Dougher Lane. Also located was a large amount of U.S. [c]urrency in various denominations. The Commonwealth alleged that the Dougher Lane [r]esidence was a "stash house" (a place where drugs were stored) and that the North Hancock residence was the place where sales occurred. The Commonwealth contended that [Appellant] was the director of drug operations at [the] Dougher Lane and North Hancock Street residences as part of a heroin, cocaine, and crack cocaine sales conspiracy.

Commencing on November 14, 2011, [Appellant] was tried before a jury of his peers, found guilty and convicted of [three counts of possession with intent to deliver (PWID) and two counts of criminal conspiracy[1]] on November 18, 20[11.]

…

On January 18, 2012, [Appellant] was sentenced by [the trial court] to an aggregate sentence of 6 ½ to 13 years[' imprisonment. Specifically, the trial court imposed a sentence of 18 months' to three years for each conspiracy count, five to ten years' for one PWID charge, three to six years for the second PWID count, and no further

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a), respectively.

- 2 -

penalty on the third PWID charge. The conspiracy sentences were to run concurrently to each other and the PWID sentences were to run concurrently to each other. However, the conspiracy sentences were to run consecutively to the PWID sentences.]

…

On April 5, 2012, [Appellant] filed a [n]un[c] [p]ro [t]unc [n]otice of [a]ppeal. On [March 12], 2013, [this Court] affirmed the [j]udgment of [s]entence in this case. [**Commonwealth v. Davis**, 69 A.3d 1289 (Pa. Super. 2013), *appeal denied*, 74 A.3d 1029 (Pa. 2013).] On [September 17], 2013, the Pennsylvania Supreme Court denied [Appellant]'s [p]etition for an [a]llowance of [a]ppeal. [**Id.**]

PCRA Court Opinion, 8/15/14, at 1-3.

On January 16, 2014, Appellant filed a timely counseled PCRA petition, requesting a new trial on the basis of after-discovered evidence.[2] The PCRA court conducted an evidentiary hearing on May 1, 2014. At the conclusion of

---

[2] Neither Appellant, the Commonwealth, nor the PCRA court characterize the petition as a PCRA petition. However, we note that Appellant did not file the instant petition until after the conclusion of his direct appeal. This Court has consistently held that any filing by a defendant after his or her direct appeal has concluded is to be construed as a PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013); **see also** Pa.R.Crim.P. 720 *cmt.* (stating, "after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA[]"). A claim of after-discovered evidence is explicitly cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). As a result, Appellant's January 16, 2014 petition seeking a new trial on the basis of after-discovered evidence was his first PCRA petition. Additionally, we note that a prisoner is entitled to counsel on his first PCRA petition. **See generally** Pa.R.Crim.P. 904(C). Appellant's instant petition was counseled; accordingly there is no representation issue in this case.

said hearing, the PCRA court denied Appellant's petition. On May 28, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises one issue for our review.

Did the [PCRA] court err in not granting a new trial?

Appellant's Brief at 5.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted). Furthermore, we note that our Supreme Court has consistently articulated

---

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 4 -

the following four-part test to determine whether a defendant is entitled to a new trial on the basis of after-discovered evidence.

> The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict.

***Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014).

The alleged after-discovered evidence in this case is in the form of an affidavit from Bryan Pearl. Appellant argues that he should receive a new trial on the basis of Pearl's affidavit, in which Pearl claims full responsibility for all of the drugs found and "reliev[es] [Appellant] from responsibility claiming [Appellant] was innocent of any wrongdoing and of the charges filed against him." Appellant's Brief at 9. The Commonwealth counters that "Appellant erroneously argues that the [sic] Bryan Pearl's testimony was unavailable at the time of his trial and could not have been obtained prior to the conclusion of trial; thereby satisfying the first prong of the four-prong standard in this regard." Commonwealth's Brief at 5.

In the context of after-discovered evidence claims, this Court has defined the "reasonable diligence" duty of a defendant in the following manner.

> To obtain a new trial based on after-discovered evidence, the petitioner must explain why he could not have produced the evidence in question at or before trial by the exercise of reasonable diligence. A defendant may unearth information that the party with the burden of proof is not required to uncover,

- 5 -

so long as such diligence in investigation does not exceed what is reasonably expected. Thus, a defendant has a duty to bring forth any relevant evidence in his behalf. A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence. The concept of reasonable diligence is particularly relevant where the defendant fails to investigate or question a potential witness with whom he has a close, amicable relationship.

*Commonwealth v. Padillas*, 997 A.2d 356, 363-364 (Pa. Super. 2010) (internal citations omitted), *appeal denied*, 14 A.3d 286 (Pa. 2010).

In this case, Appellant and Pearl were originally supposed to be co-defendant's in the same trial. On the day of trial, all parties informed the trial court that the Commonwealth had offered plea bargains. N.T., 11/14/11, at 6, 8. Appellant rejected the Commonwealth's offer. *Id.* at 9. The Commonwealth informed the trial court that part of its plea deal with Pearl was that he not testify for either the Commonwealth or Appellant at Appellant's trial. *Id.* at 13. The trial court informed the Commonwealth that it would not likely accept such a plea agreement. *Id.* at 14. The Commonwealth then twice rescinded its offer to Pearl on the record. *Id.* at

15, 16. After further discussion on the record, the transcript notes that Pearl did plead guilty and Appellant went to trial.[4] *Id.* at 18.

At the close of the Commonwealth's case, Appellant informed the trial court that it had subpoenaed Pearl to testify in Appellant's defense. *Id.* at 318. Pearl was present with his attorney in the courtroom during this discussion. *Id.* at 319. Despite being under subpoena, Pearl informed the trial court "that he does not wish to testify … because he[ was] concerned for his girlfriend[.]" *Id.* at 318. Specifically, Pearl was allegedly "informed by someone from the [Commonwealth] … that his girlfriend will not get the … sentence she was promised" if Pearl testified at Appellant's trial. *Id.* at 319. Appellant acquiesced in Pearl's non-willingness to testify, did not put him on the stand, and allowed him to leave the courtroom.[5] *Id.* at 321.

The Commonwealth and the PCRA court argue that Appellant did not satisfy the first prong of the after-discovered evidence framework, relying on this Court's decision in *Padillas*. In *Padillas*, the defendant's after-discovered evidence was his brother, who testified at an evidentiary hearing,

---

[4] As we noted on direct appeal, the record does not reveal the terms of the final plea agreement between Pearl and the Commonwealth, though based on the events that did occur, we presume this did not include the condition that Pearl not testify on Appellant's behalf. *Davis*, *supra* at 14.

[5] On direct appeal, Appellant argued that his rights under the Compulsory Process Clause of the Sixth Amendment were violated by the Commonwealth "intimidating" Pearl into not testifying. *Davis*, *supra* at 13. This Court concluded that Appellant had waived this argument by failing to raise an objection in the trial court. *Id.* at 15-16.

similar to the instant case, that the drug transactions involved in the case were conducted by him and his friends, not by the defendant. *Id.* at 361. The Commonwealth argued that Padillas' brother's statement about his own involvement was available to him and could have been uncovered with the exercise of reasonable diligence. *Id.* at 362. The trial court had declared the brother as "unavailable" due to a presumed invocation of his privilege under the Self-Incrimination Clause of the Fifth Amendment. *Id.* at 361. This Court concluded the trial court "erred as a matter of law when it simply inferred the unavailability of Daniel's confession, given the absence of questions about potentially incriminating topics, simply because Daniel **could** have invoked his rights **if** asked incriminating questions." *Id.* at 366-367 (emphasis in original). This Court further concluded that Padillas' brother was "available" for the purposes of trial. *Id.* at 367.

In this case, after Pearl pled guilty, Appellant subpoenaed him to testify in his defense. However, despite being under a subpoena to testify, Pearl stated that he was not willing to testify. Instead of taking any steps to compel Pearl to testify, Appellant instead acquiesced in Pearl's unwillingness. In our view, Pearl was available to testify, and reasonable diligence required Appellant to take some steps to compel his testimony, such as putting him on the witness stand. If he still refused to answer any questions, Appellant could have asked the trial court for a finding of unavailability, or to take other remedial steps to compel Pearl's testimony, such as a direction to

answer, or a finding of contempt. Although the Fifth Amendment is not specifically at issue here, similar to **Padillas**, just because Pearl might not wish to answer Appellant's questions on the witness stand did not render him unavailable, nor did it absolve Appellant of taking reasonable steps to secure the same.[6] It is undisputed here that Pearl was present and available to testify to the information Appellant now avers is after-discovered evidence. As a result, we conclude Appellant is not entitled to a new trial on the basis of after-discovered evidence. **See Castro**, **supra**; **Padillas**, **supra**.

Based on the foregoing, we conclude the PCRA court properly denied Appellant's PCRA petition on the basis of after-discovered evidence. **See Fears**, **supra**. Accordingly, the PCRA court's May 1, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015

---

[6] Because we conclude Appellant has failed to satisfy the first-prong of the after-discovered evidence test, we need not discuss the remaining three prongs. **See Castro**, **supra**.