372 A.2d 859

COMMONWEALTH of Pennsylvania

v.

**Richard DONOFRIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided April 19, 1977.

346

William H. Platt, Public Defender, Allentown, for appellant.

Joseph V. Huber, Assistant District Attorney, Macungie, and George J. Joseph, District Attorney, Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Lehigh County, after conviction of the appellant, Richard Donofrio, in a non-jury trial of involuntary deviate sexual intercourse, indecent assault and aggravated assault.

At trial, the appellant raised the issue of his insanity by competent evidence. There was expert testimony on his behalf that he was suffering from schizophrenia and that he had a potential for impulsive behavior. However, the psychiatrist who testified for the appellant stated that he did not know whether the appellant was acting under a "disassociative state" at the time the offense was committed.

When the issue of the defendant's insanity is properly raised, the Commonwealth has the burden of proving his sanity beyond a reasonable doubt. *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974); *Commonwealth v. Ross*, 239 Pa.Super. 94, 361 A.2d 685 (1976). It should be noted, however, that the Commonwealth may prove the defendant's sanity by testimony of lay witnesses. *Commonwealth v. Ross*, supra.

There is no doubt that the issue of the appellant's insanity at the time of the alleged offense was properly raised, and the Commonwealth had the burden of proving his sanity beyond a reasonable doubt. There was lay testimony that the appellant appeared normal at the time of the alleged offense. The prosecutrix testified that she was accosted by the appellant when she left a store where she had been shopping. She was struck on the head and forced into her car. Thereafter, she was ordered to drive the car to the side of a building and the appellant fondled her and requested her to have intercourse with him. She refused and the appellant thereupon committed oral sodomy on the prosecutrix without her consent. The appellant appeared normal although he acted in an angry manner. He was neatly dressed and there was nothing about his appearance to indicate that he suffered from mental illness or was acting in an uncontrollable manner during the assault. Shortly after the incident, the appellant was arrested, and the officers testified that he appeared normal although a little nervous. He was coherent and responsive to questions. The officers also testified that the appellant did not appear intoxicated and was able to follow instructions. About 2½ hours after the appellant was in the custody of the police, he admitted that he had assaulted the prosecutrix.

The court below found that "the Commonwealth affirmatively and in its case-in-chief established that the defendant in fact knew the nature and quality of his acts and that they were wrong." It is true that the court did not use the exact words that the defendant's sanity was proved beyond a reasonable doubt. The Judge is imbued with the knowledge of the law that he would have given in a formal charge in a jury case, so that we may presume that the Judge below, in determining the law and the facts, without putting it in so many words, found in accordance with *Commonwealth v. Demmitt,* supra.

Judgment of sentence affirmed.