J-S65019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER EASTER, | |
| Appellant | No. 2786 EDA 2014 |

Appeal from the PCRA Order Entered August 26, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013958-2011

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:             **FILED NOVEMBER 06, 2015**

Christopher Easter ("Appellant") appeals *pro se* from the August 26, 2014 order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[1]  We affirm.

Appellant robbed and shot Kevin Neary around 2:46 a.m. on November 5, 2011.  Affidavit of Probable Cause, 11/18/11, at 2.  Upon

---

[1]  The PCRA court denied Appellant's petition without a hearing and permitted counsel to withdraw in an order entered on August 26, 2014. That is the order from which this appeal arises.  **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.").  Yet, the PCRA court entered a second order on September 3, 2014, informing Appellant of the effect of the August 26, 2014 order and of his appellate rights.  We caution the PCRA court against the filing of secondary orders after disposing of a PCRA petition.  Such practice is ill-advised in that it obfuscates the appealable order and commencement of the appeal period.

admitting to the attack, which left Kevin Neary a quadriplegic, Appellant was charged with, *inter alia*, attempted murder, aggravated assault, robbery, and various weapon offenses. Appellant appeared for trial on September 11, 2012; however, he entered an open guilty plea before jury selection began. The trial court sentenced Appellant the next day to incarceration for an aggregate term of thirty to sixty years. Appellant did not file post-sentence motions or a notice of appeal.

Appellant filed a *pro se* PCRA petition on February 26, 2013. The PCRA court appointed counsel. On June 16, 2014, counsel filed a **Turner**/**Finley**[2] "no merit" letter and a motion to withdraw representation. The PCRA court filed a notice of its intention to dismiss Appellant's PCRA petition on July 22, 2014. Appellant filed a timely response, requesting an extension of time. Letter, 8/18/14. The Commonwealth requested formal dismissal of Appellant's PCRA petition, which the PCRA granted on August 26, 2014, dismissing the petition and permitting counsel to withdraw.

Appellant filed a timely *pro se* notice of appeal on September 18, 2014, to which he appended a list of eight issues. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Order, 10/8/14. Appellant did not comply with the PCRA court's order; however, the PCRA court filed a Pa.R.A.P. 1925(a) opinion on January

---

[2] **Commonwealth v. Turner**, 544 A.2d 297 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

16, 2015. Initially, the PCRA court deemed Appellant's issues waived because he failed to file a Pa.R.A.P. 1925(b) statement of errors. PCRA Court Opinion, 1/16/15, at 2–3. However, "[i]n an effort to provide a complete record and because [Appellant] attached a list of issues to his notice of appeal," the PCRA court provided "a discussion of the issues set forth by [Appellant] in the attachment to his notice of appeal." *Id.* at 3.

On April 13, 2015, Appellant filed in this Court an "Application For Relief Motion For Remand For Filing Of 1925(b)." We denied the application, but directed that "[t]he document attached to the September 18, 2014 notice of appeal listing Appellant's eight (8) claims of error shall be deemed the equivalent of a Pa.R.A.P. 1925(b) statement, in light of the fact that the PCRA court opinion addressed the issues." Superior Court Order, 5/1/15.

In his *pro se* PCRA petition and the document deemed to be his Rule 1925(b) statement, Appellant included eight issues, which are as follows:

I) There was no PSI Done (expect evaluation)[.]

II) There was no drug evaluation done[.]

III) There was no mental health evaluation done.

IV) I was sentenced outside of PA [statutory] guidelines.

V) I was coerced into [taking] an open plea or get sentenced to 80 years.

VI) Plea taken under duress.

VII) [L]awyer refused to file pre-and-post sentence motions.

VIII) Discovery never given to me.

Notice of Appeal, 9/18/14, at Attachment; PCRA Petition, 2/26/13, at 3.

In his appellate brief, Appellant sets forth the following issues:

I.     Was Appellant's guilty plea illegally induced and coerced by ineffective assistance of counsel where counsel misinformed Appellant as to the amount of time he would receive?

II.    Did plea counsel provide ineffective assistance of counsel in failing to request a pre-sentence investigation and/or a mental health evaluation prior to sentencing?

III.   Was plea counsel ineffective for failing to file a motion to withdraw Appellant's guilty plea?

Appellant's Brief at 4.  We note inconsistencies among Appellant's pre-appeal filings and his statement of questions presented on appeal, which may warrant a finding of waiver.  Furthermore, the Commonwealth contends that "all of [Appellant's] ineffective assistance of plea counsel claims are waived because they are insufficiently developed to permit meaningful review."  Commonwealth's Brief at 5.  The Commonwealth also argues that Appellant's various issues are "waived because he did not raise [them] in his PCRA petition" or "in what this Court deemed to be his Rule 1925(b) statement."  *Id.* at 7, 10, 11.  We shall address these claims of waiver as we review each of Appellant's issues.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  We

grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In order to obtain collateral relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Instantly, Appellant asserted in his PCRA petition the existence of ineffective assistance of counsel ("IAC") pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). A PCRA petitioner alleging ineffectiveness of his counsel will be granted relief only if he is able to prove that, "in the circumstances of [his] particular case," the truth-determining process was undermined to the extent "that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes that counsel was effective. **Commonwealth v. Montalvo**, 114 A.3d 401, 410 (Pa. 2015). Hence, it is the petitioner's burden to prove the contrary. **Commonwealth v. Koehler**, 36 A.3d 121, at 132 (Pa. 2012). To plead and prove an IAC claim, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these

prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, the PCRA court's credibility determinations, when supported by the record, are binding on this Court. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

Appellant first claims that plea counsel was ineffective for coercing Appellant into pleading guilty and misadvising Appellant regarding the sentence he would receive. Appellant's Brief at 9. According to Appellant, "on September 12, [2012], privately in the courthouse before [Appellant] entered the courtroom, trial counsel advised him to take an open plea and he would receive a 15-30 year sentence for this crime." *Id.*

The Commonwealth responds that Appellant's assertion:

> makes no sense on its face, as [Appellant] pleaded guilty the *day before*, on September 11, [2012]; he was *sentenced* on September 12. The notion that [Appellant] was misinformed about the possible length of his sentence is also belied by the record and the claims he made before the PCRA court.

Commonwealth's Brief at 8–9 (emphasis in original). The Commonwealth further points out that, "before the PCRA court, [Appellant's] allegation was that he was induced to take a plea by the prospect of receiving an '80 year' sentence . . . , not a fifteen to thirty year sentence." *Id.* at 9 (citing PCRA Petition, 2/26/13, at 3).

- 6 -

Upon review of the certified record, we conclude that Appellant has not preserved this issue for appellate review. "It is a settled principle of appellate review, of course, that courts should not reach claims that were not raised below. *See* Pa. R.A.P. 302(a). The principle applies to PCRA appeals no less than to other appeals. *See Commonwealth v. Ligons*, 971 A.2d 1125, 1162–[11]63 (2009) (Castille, C.J., concurring) (collecting cases)." *Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa. 2010). Here, Appellant did not challenge defense counsel's representation in the context of the guilty plea before the PCRA court. PCRA Petition, 2/23/13; Notice of Appeal, 9/18/14, at Attachment; PCRA Court Opinion, 1/16/15. Thus, it is waived.[3]

Next, Appellant asserts ineffective assistance of counsel in failing to request a pre-sentence investigation or a mental health evaluation prior to

_____

[3] Relying on the PCRA court's analysis, we would conclude that, even if not waived, Appellant's claim lacks merit:

> The record herein shows that [Appellant], with the assistance of counsel, entered his plea knowingly[,] intelligently, and voluntarily in a very serious case, one in which the evidence of his guilt was overwhelming. More importantly, this Court conducted an extensive colloquy of [Appellant] during which he acknowledged that he understood his rights and had decided to plead guilty of his own volition, free of duress or coercion. (N.T. 9/11/12, 2–17). Finally, the fact that [Appellant] entered his plea to avoid a more severe sentence does not render his plea a nullity.

PCRA Court Opinion, 1/16/15, at 9.

sentencing. Appellant's Brief at 13. Appellant claims on appeal that, "[w]hile awaiting trial, [he] received medication (Respidal) each day, as well as seeing a psychiatrist." *Id.*

The Commonwealth refutes Appellant's mental health argument with the following observations:

> [N]either defense counsel nor the court would have had any reason to conduct a pre-sentence investigation into [Appellant's] mental health: at his plea hearing, [Appellant] told the court three times that he had never been treated for mental illness (N.T. 9/11/12, 4, 6). Moreover, in the written plea colloquy that [Appellant], plea counsel, and Judge Minehart signed, [Appellant] indicated no mental health issues and reported not taking any medicine within the previous week. Even to this day, [Appellant] has not identified which mental illness he allegedly suffered from or how it possibly could have affected the voluntariness of his plea.

Commonwealth's Brief at 10–11.

Upon review of the certified record, we conclude that Appellant sufficiently preserved this issue regarding a pre-sentence report or mental health evaluation. PCRA Petition, 2/26/13, at 3; Notice of Appeal, 9/18/14, at Attachment; Appellant's Brief at 4. Although Appellant did not present this issue to the PCRA court as an IAC claim, the PCRA court addressed the underlying argument, as follows:

> [T]he fact that [the trial court] did not order pre-sentence reports would not have entitled [Appellant] to relief because trial counsel waived their preparation and [the trial court] received information concerning [Appellant] during the sentencing hearing that usually is contained in pre-sentence reports. (N.T. 9/12/12, 2, 87–96). Thus, the lack of pre-sentence reports did not prejudice [Appellant].

PCRA Court Opinion, 1/16/15, at 7. We agree.

Appellant failed to prove to the PCRA court that the absence of pre-sentence reports or a mental health evaluation caused him prejudice. Furthermore, defense counsel cannot be deemed ineffective for failing to request a mental health evaluation where Appellant never disclosed—and, in fact, denied—any mental health issues. Consequently, Appellant's derivative IAC claim does not warrant relief.

Appellant's final IAC claim is that defense counsel failed to file a pre-sentence motion to withdraw his plea based on Appellant being "told he would receive a 15 to 30 year sentence[;] instead he received a 30 to 60 year sentence." Appellant's Brief at 14. In response, the Commonwealth observes that:

> at no point has [Appellant] alleged that he even asked his plea counsel to file a pre-sentence motion to withdraw his plea. During a lengthy sentencing hearing, [Appellant] neither complained about his sentence nor complained about his attorney failing to file a motion on his behalf. Plea counsel could not have been ineffective for failing to do something [Appellant] never asked him to do.

Commonwealth's Brief at 11.

Upon review of the certified record, we conclude that Appellant has not preserved this claim for appellate review because he did not challenge defense counsel's representation in the context of the plea before the PCRA court. PCRA Petition, 2/26/13, at 3; Notice of Appeal, 9/18/14, at

Attachment; PCRA Court Opinion, 1/16/15. Thus, it is waived.[4] Pa.R.A.P.

302(a); *Ligons*, 971 A.2d at 1162–1163.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015

_____

[4] Again, relying on the PCRA court's analysis, we would conclude that, even if not waived, Appellant's claim lacks merit:

> [T]his Court would not have granted a motion to withdraw the plea had one been filed because clearly, [Appellant] did not and cannot show that a manifest injustice occurred here. It is further noted that defense counsel would not have been deemed ineffective for failing to file a motion to withdraw [Appellant's] guilty plea had [Appellant] made that assertion because such a claim lacked merit.

PCRA Court Opinion, 1/16/15, at 9.