J-S57020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL D. LANDIS, | |
| Appellant | No. 1839 WDA 2015 |

Appeal from the PCRA Order October 20, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000380-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED OCTOBER 6, 2016**

Appellant, Michael D. Landis, appeals from the October 20, 2015 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The record reveals that in a criminal information filed on July 24, 2014, Appellant was charged as follows: count one, driving under the influence of alcohol ("DUI"), general impairment; count two, DUI, lowest rate of alcohol; count three, habitual offender; count four, driving while operating privileges were suspended, DUI related; and count five, driving without a license.  On October 20, 2014, the trial court held a plea hearing. After the facts underlying Appellant's arrest and Appellant's criminal history

_____

[*]  Retired Senior Judge assigned to the Superior Court.

were placed on the record, the trial court asked if Appellant had been threatened, coerced, or promised anything in exchange for entering guilty pleas. N.T., Plea Hearing, 10/20/14, at 12-13. Appellant confirmed on the record that he had not been threatened, coerced, or promised anything in exchange for his pleas and that he was voluntarily entering guilty pleas on counts two, three, and four.[1] *Id*. at 13. After the trial court accepted Appellant's guilty pleas and ordered a presentence investigation report, Appellant's counsel made the following statement: "State Intermediate Punishment might be a slim possibility in this case, Your Honor." *Id*. at 14. The trial court did not respond to this statement and scheduled Appellant's case for sentencing. *Id*.

At the sentencing hearing, Appellant's counsel again referenced state intermediate punishment. Counsel did not demand it or even suggest that it was a condition of Appellant's guilty pleas; rather, counsel requested, "I would ask the court to consider state intermediate punishment." N.T., Sentencing, 12/2/14, at 23. The trial court explained to counsel and Appellant that state intermediate punishment was not an option because Appellant was on state parole at the time of his arrest in this matter, and a detainer was lodged against him. *Id*. at 24. The trial court then sentenced Appellant to an aggregate term of two to four years of incarceration with

---

[1] Counts one and five were *nol prossed*.

142 days of credit for time served. *Id*. at 37-39. This sentence was ordered to be served consecutively to any sentence Appellant was ordered to serve as a result of his parole violation. The trial court further clarified that Appellant was not RRRI[2] eligible. *Id*. at 39. At no time during the plea hearing or at sentencing did Appellant mention being promised state intermediate punishment or withdrawing his guilty pleas.

Appellant filed a post-sentence motion for reconsideration of sentence that was denied on December 15, 2014. Appellant did not pursue a direct appeal in this Court.

On April 23, 2015, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel on April 29, 2015. In his petition, Appellant alleged plea counsel was ineffective for failing to secure state intermediate punishment. The PCRA court held a hearing on Appellant's PCRA petition on September 3, 2015. At the PCRA hearing, there was a discussion concerning Appellant's desire for state intermediate punishment, and an assertion that Appellant had requested state intermediate punishment. N.T., PCRA Hearing, 9/3/15, at 2-5. However, there was no evidence in the record that Appellant was promised state intermediate punishment; there merely was a discussion at sentencing explaining that Appellant was not eligible for state intermediate punishment due to his state parole detainer. *Id*.; (*see* N.T.,

_____

[2] Recidivism Risk Reduction Incentive. 61 Pa.C.S. §§ 4501 *et seq*.

Sentencing, 12/2/14, at 23 (where the sentencing court explained the reasons appellant was not eligible for state intermediate punishment)). At the conclusion of the PCRA hearing, the PCRA court denied the petition, finding no basis upon which plea counsel was ineffective. *Id*. at 12. Appellant did not pursue an appeal to this Court.

On October 16, 2015, Appellant filed a second PCRA petition.[3] The PCRA court summarily dismissed Appellant's second PCRA petition in an order filed on October 20, 2015.[4] This timely appeal followed.

On appeal, Appellant raises the following issue:

_____

[3] This second PCRA petition was timely because it was filed within one year from the date Appellant's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1); 42 Pa.C.S. § 9545(b)(3).

[4] Generally, the PCRA court must provide notice of its intent to dismiss a PCRA petition and provide the petitioner with twenty days in which to respond. Pa.R.Crim.P. 907(1). However, the comment to Rule 907 provides that the PCRA court:

> is permitted, pursuant to paragraph (1), to summarily dismiss a petition for post-conviction collateral relief in certain limited cases ... [and a] summary dismissal would also be authorized under this rule if the judge determines that a previous petition involving the same issue or issues was filed and was finally determined adversely to the defendant.

*Id*. cmt. As explained in our disposition, the issue Appellant raised in his second PCRA petition was the identical issue he litigated in his unsuccessful first PCRA petition. Moreover, Appellant did not object to the PCRA court's failure to provide notice of intent to dismiss pursuant to Rule 907, rendering any argument on this issue waived. *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

> Whether the PCRA Court erred as a matter of law or abused its discretion in finding that [plea] counsel was not ineffective for [failing to enforce] the plea agreement, specifically that [plea] counsel failed to enforce the promise that [Appellant] would be placed in the State Intermediate Punishment program.

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Additionally, in order to be entitled to PCRA relief, the petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2), and that his claims have not been previously litigated or waived. *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011). An issue has been previously litigated if it was raised and decided in a proceeding

collaterally attacking the conviction or sentence. *Id*. (citing 42 Pa.C.S. § 9544(a)(3)).

As pointed out by the PCRA court, the issue Appellant raised in his second PCRA petition is the same issue he raised in is first PCRA petition. PCRA Court Opinion, 10/21/15, at unnumbered 3. Specifically, Appellant again claimed that plea counsel was ineffective for failing to enforce a plea agreement wherein Appellant would receive state intermediate punishment. *Id*. The PCRA court concluded that Appellant's claim was previously litigated and denied the petition. *Id*.

We agree with the PCRA court's conclusion. Appellant's claim of error was previously litigated pursuant to 42 Pa.C.S. § 9544(a)(3), and therefore, he is ineligible for relief. 42 Pa.C.S. § 9543(a)(3). Accordingly, we affirm the October 20, 2015 order denying Appellant's second PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016