J-S71041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALDALBERTO RIVERA, | |
| Appellant | No. 1240 EDA 2017 |

Appeal from the PCRA Order April 10, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0013645-2012
CP-51-CR-0014695-2012

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 13, 2017**

Appellant, Aldalberto Rivera, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the following facts and procedural background from our independent review of the certified record.  On September 20, 2013, Appellant entered a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance (PWID) and conspiracy to commit PWID at case

_____

[*] Retired Senior Judge assigned to the Superior Court.

number 13645-2012 and 14695-2012.[1]  On December 6, 2013, pursuant to the plea agreement's terms, the trial court imposed a sentence on Appellant of not less than five nor more than ten years' imprisonment.  Appellant did not file a direct appeal.

On July 25, 2014, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition on November 15, 2015.  On March 6, 2017, the PCRA court sent Appellant notice of its intent to dismiss the petition without a hearing.  **See** Pa.R.Crim.P. 907(1).  The court formally dismissed the petition on April 10, 2017, and Appellant timely appealed.[2]

Appellant raises one issue for our review:  "Was counsel ineffective for failing to raise the issue of the [his] being subject to an illegal mandatory minimum sentence?"  (Appellant's Brief, at 9).

Our standard of review of appeals from PCRA court decisions is well-settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  Similarly, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

---

[1] In consideration of the plea, the Commonwealth *nolle prossed* a charge of possession of a controlled substance.

[2] On May 24, 2017, Appellant filed a timely statement of errors complained of on appeal pursuant to the PCRA court's order.  The court filed an opinion on June 26, 2017.  **See** Pa.R.A.P. 1925.

> [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations and quotation marks omitted).

> [T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.

***Commonwealth v. Laird***, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." ***Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (citation and emphasis omitted).

Here, Appellant maintains that counsel was ineffective for failing to raise a claim that [his] mandatory minimum sentence violated ***Alleyne v. United States***, 570 U.S. 99 (2013).[3] This issue does not merit relief.

First, we observe that, the Pennsylvania Supreme Court expressly held "that ***Alleyne*** does not apply retroactively to cases pending on collateral

---

[3] "[T]he ***Alleyne*** decision . . . renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015) (citations omitted).

review[.]" ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Accordingly, Appellant cannot obtain relief on his claim.

Additionally, even assuming *arguendo* that ***Alleyne*** could be applied in the PCRA context, Appellant's ineffective assistance of counsel claim would lack merit. A review of the record reveals that Appellant's sentence of not less than five nor more than ten years' imprisonment was not a mandatory minimum term of imprisonment. Instead, the court sentenced Appellant pursuant to a negotiated guilty plea to three charges. (***See*** PCRA Court Opinion, 6/26/17, at 5; Trial Disposition and Dismissal Form, 9/20/13; Written Guilty Plea Colloquy, 9/20/13, at 1).

Therefore, Appellant has failed to prove the first prong of the ineffectiveness test, the merit of his underlying claim, and his contention would fail. ***See Commonwealth v. Rivera***, 108 A.3d 779, 789 (Pa. 2014) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted); ***see also Laird***, ***supra*** at 978; ***Rolan***, ***supra*** at 406. Hence, the PCRA court properly denied Appellant's petition where, even if he could raise an ***Alleyne*** claim, it would not merit relief. ***See Rigg***, ***supra*** at 1084.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017