J-S63021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EMANUEL HOWARD | : | |
| | : | |
| Appellant | : | No. 318 WDA 2018 |

Appeal from the PCRA Order February 6, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001069-2016

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    FILED OCTOBER 31, 2018

Emanuel Howard (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court set forth the relevant facts of this case:

On December 29, 2015, Christine Arthur (hereinafter "Victim") was employed as a waitress at the Canton Restaurant on Fayette Street in Uniontown, Fayette County, Pennsylvania. Approximately [30] minutes into her shift, a man described by Victim as a young black male, with facial hair, distinguished eyes and wearing a dark hooded sweatshirt came into the restaurant and placed an order.  The man grabbed a can of pop out of the refrigerator cooler and set it down on the counter where Victim was working.  After Victim requested payment for the order, the man went around the counter, pointed an object that was covered up with a handkerchief into her side and demanded money from the cash register.  The assailant then ran off after taken [sic] approximately sixty dollars.  Victim testified she complied with the demand because she "was afraid for my life."

About five minutes after the assailant fled the restaurant, Lieutenant Tom Kolencik with the Uniontown Police Department

_____
* Former Justice specially assigned to the Superior Court.

arrived on scene and spoke with Victim. Lieutenant Kolencik also took into evidence the pop can that was handled by the assailant during the commission of the crime. The conclusion of the lab results was that a set of fingerprints on the pop can belonged to Appellant.

Commonwealth v. Howard, 1549 WDA 2016 at 1-2 (Pa. Super. 2016) (unpublished memorandum) (quoting Trial Court Opinion, 12/5/16, at 2-3).

The PCRA court summarized the procedural history as follows:

On September 7, 2016, following a trial by jury, [] Appellant . . . was convicted of the following charges: Robbery; Theft by Unlawful Taking; Receiving Stolen Property; and Simple Assault. On September 14, 2016, the [trial court] sentenced [] Appellant to undergo a period of incarceration of no less than seven (7) years nor more than twenty (20) years. Appellant filed his direct appeal to this Court on October 13, 2016. On June 21, 2017, this Court affirmed the [trial c]ourt's sentence and entered judgment accordingly.

On [August 9], 2017, Appellant filed his pro se PCRA petition. The [PCRA c]ourt appointed [counsel] to represent [] Appellant. [PCRA Counsel] filed Appellant's Amended PCRA Petition on November 9, 2017. The [PCRA c]ourt held a hearing on Appellant's amended petition on January 30, 2018. By Order dated February 6, 2018, the [PCRA c]ourt denied Appellant's amended petition. On February 28, 2018, Appellant filed his direct appeal to this Court. Subsequently, the [PCRA court] entered an Order directing Appellant to file his concise issues. On March 21, 2018, Appellant filed two concise issues with this Court.

PCRA Court Opinion, 4/9/18, at 2-3 (footnote omitted).

On appeal, Appellant raises the following issues for review:

1. Did the Commonwealth violate [] Appellant's constitutional rights when it failed to provide the defense with a copy of the photo array that was presented to the witness?

2. Was [Trial Counsel] ineffective for failing to conduct a reasonably substantial investigation, was generally unprepared

- 2 -

for trial, and failed to adequately question [] Appellant as to his location on the incident date?

Appellant's Brief at 10.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" Id.

First, Appellant argues that the PCRA court erred in rejecting his Brady[1] claim. Appellant's Brady claim is underdeveloped and difficult to understand. From what we can discern, Appellant asserts that the Commonwealth violated his constitutional rights because it failed to produce a photo lineup that Appellant claims the police gave to the Victim at Appellant's preliminary hearing to assist the Victim in identifying Appellant as the perpetrator of the robbery.

With respect to Brady claims, our Supreme Court has explained:

> To succeed on a Brady claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted. Commonwealth v. Daniels, [] 104 A.3d 267, 284 ([Pa.] 2014), citing Commonwealth v. Tedford, [] 960 A.2d 1, 30 ([Pa.] 2008). A

_____

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Brady violation exists only where the suppressed evidence is material to guilt or punishment, i.e., where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. Id. In determining whether a reasonable probability of a different outcome has been demonstrated, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434[] (1995). A "reasonable probability" of a different result is shown when the government's suppression of evidence "undermines confidence in the outcome of the trial." [U.S.] v. Bagley, 473 U.S. 667, 678[] (1985).

Brady claims, nevertheless, may be subject to waiver. See [Commonwealth v. Roney, 79 A.3d 595, 609-12 (Pa. 2013)] (several Brady claims deemed waived on PCRA appeal for failure to raise them at trial or on direct appeal), citing Commonwealth v. Chmiel, [] 30 A.3d 1111, 1129-30 ([Pa.] 2011); Commonwealth v. Treiber, [] 121 A.3d 435, 460-61 ([Pa.] 2015) (Brady claim waived because it could have been raised in an earlier proceeding), citing Chmiel, 30 A.3d at 1129-1130. See also Commonwealth v. Bomar, [] 104 A.3d 1179, 1190-91 ([Pa.] 2014) (Brady claim waived where appellant did not show evidence was not available at trial or counsel could not have uncovered it with reasonable diligence).

Commonwealth v. Cousar, 154 A.3d 287, 301-02 (Pa. 2017).

In this case, the PCRA court determined that Appellant waived his Brady claim because he failed to demonstrate that through the exercise of due diligence, he could not have raised it before the trial court or on direct appeal. PCRA Court Opinion, 4/9/18, at 5-6. We agree. Appellant testified at his PCRA hearing that there was a discussion at his preliminary hearing regarding a photo array that the Commonwealth allegedly showed to the Victim. N.T., 1/30/18, at 6. Because the record reflects that Appellant had knowledge of the existence of the alleged photo array prior to trial, but did not raise the

Commonwealth's failure to disclose it before the trial court or on direct appeal, the PCRA court did not err in concluding that Appellant waived his Brady claim. See Cousar, 154 A.3d at 301-02.

Even if Appellant's Brady claim was not waived, it is patently meritless. First, Appellant failed to provide any evidence that a photo array existed beyond his own claim that the Commonwealth referenced an array at his preliminary hearing. Second, even if the photo array did exist, Appellant does not explain how he was prejudiced by the Commonwealth's failure to disclose it. In any event, the Victim specifically identified Appellant as the perpetrator of the robbery and Appellant's fingerprints were recovered from the soda can purchased by the perpetrator immediately prior to the robbery. N.T., 9/6/16, at 18-19, 90-91. Thus, regardless of any impact the alleged photo array may or may not have had on Appellant's trial, there was ample evidence to convict Appellant of the crimes charged.

Next, Appellant argues that Trial Counsel was ineffective for failing to investigate his case and adequately prepare for trial. Specifically, Appellant asserts that Trial Counsel was ineffective for failing to secure the testimony of his alibi witness, Paige Fairfax.

As the PCRA Court determined, Appellant has waived his ineffective assistance of counsel claim because he failed to raise it in either his pro se or amended PCRA petitions. See Amended Petition for Post Conviction Collateral Relief, 11/9/17; Pro Se Motion for Post Conviction Collateral Relief, 8/9/17. It

is well settled that any PCRA claims not raised in a petitioner's pro se PCRA petition, in an amended petition, or in response to a PCRA court's Rule 907 notice are waived. Commonwealth v. Rigg, 84 A.3d 1080, 1084-85 (Pa. Super. 2014). Accordingly, Appellant's ineffectiveness claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018