J-S19025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL STANFORD | : | |
| | : | |
| Appellant | : | No. 1072 WDA 2020 |

Appeal from the PCRA Order Entered September 9, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000833-2014

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 9, 2021**

Christopher Michael Stanford (Appellant) appeals *pro se* from the order

dismissing as untimely his petition filed pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the case history as follows:

> Following a jury trial, [Appellant] was convicted of one count each
> of rape of a child, statutory sexual assault, involuntary deviate
> sexual intercourse with a child, and corruption of minors, and two
> counts each of aggravated indecent assault and endangering the
> welfare of a child.  By orders dated February 18, 2015, and
> February 23, 2015, [Appellant], then represented by Attorney
> Jose W. Hernandez-Cuebas, was sentenced as a sexually violent
> predator to undergo an aggregate incarceration sentence of
> twenty-four to forty-eight years.  Post Sentence Motions were
> denied on March 2, 2015.  [Appellant] then appealed in a timely
> manner.  The Superior Court affirmed the Judgment of Sentence
> on December 3, 2015.  [Appellant] did not petition for allowance

_____

[*] Retired Senior Judge assigned to the Superior Court.

of appeal in the Supreme Court of Pennsylvania. Judgment of sentence in this matter therefore became final, under the Post-Conviction Relief Act, thirty days after December 3, 2015.

On December 12, 2016, [Appellant] filed a timely *pro se* petition under the Post Conviction Relief Act (PCRA). An amended petition was filed by Attorney Matthew Kalina on July 26, 2018, and, after review and order by the [c]ourt, Attorney Kalina filed a further amended petition on October 11, 2018. After a hearing on the matter and a *pro se* Amended Petition was filed, the [c]ourt granted the counseled Petition in Part and denied it in part. The [c]ourt noted that it was required to resentence [Appellant] without classification as a Sexually Violent Predator.[1] Otherwise, the Petition was denied.

[Appellant] then appealed the decision regarding the PCRA Petition, filing a notice of appeal on August 12, 2019. On August 19, 2019, the [c]ourt received a Second PCRA, which the [c]ourt ruled that it was without jurisdiction to hear that petition and forwarded the petition to the Superior Court. On May 4, 2020, the appeal was dismissed. [Appellant] filed an application to strike in the Superior Court on May 13, 2020, which was denied the following day.

On May 14, 2020, [Appellant] filed an application for reargument. Before the Superior Court decided the application for reargument, [Appellant] filed a *pro se* "Second PCRA (42 Pa.C.S. 9545(b)(1)(ii) Exception to Time Bar Preserving Ineffective PCRA Counsel" on July 8, 2020. The [c]ourt noted that it was without jurisdiction while the Application for Reargument was still pending. The Superior Court denied the application for reargument on July 9, 2020. At that point, [Appellant] had thirty days to appeal that decision to the Supreme Court. On July 22, 2020, [Appellant] filed a "Pro-se Request for Court's Review and Disposition Relevant to Second PCRA." This [c]ourt, still without

_____

[1] As discussed **infra**, the PCRA court's determination was vitiated by the Pennsylvania Supreme Court in **Commonwealth v. Butler**, 226 A.3d 972, 976 (Pa. 2020) (holding SORNA registration, notification and counseling requirements do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs "remains constitutionally permissible.").

jurisdiction, did not take action. On August 14, 2020, [Appellant] filed a "Pro-se Request to Receive the Court's Review and Final Disposition Relevant to the Docketed July 8 2020 Second PCRA".

PCRA Court Opinion, 11/2/20, at 1-3 (footnote added).

The PCRA court properly construed Appellant's August 14, 2020 filing under the PCRA. On August 21, 2020, the court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On September 9, 2020, the PCRA court dismissed the petition as untimely. Appellant filed a notice of appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant states his issue as follows:

The court erred in its enforcement of 42 Pa.C.S. 9545(b)(1) timely filing requirements to settle an issue of jurisdiction to view the [Appellant's] July 8, 2020 42 Pa.C.S. 9545(b)(1)(ii) invocation petition as "untimely", thus invoking Pa.R.Crim.P. 907 Dismissal procedures without conducting an evidentiary hearing due to it lacked jurisdiction to review merits of claims or provide relief.

Appellant's Brief at II.

It is well-settled that we review the propriety of an order denying PCRA relief "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings and will not

disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pertinently, although the PCRA court in Appellant's first PCRA granted relief only insofar as "it was required to resentence [Appellant] without classification as a Sexually Violent Predator," PCRA Court Order, 7/19/19, at 1, this Court, in dismissing Appellant's appeal from that order, explained:

> The PCRA court entered an order on July 19, 2019, scheduling a resentencing hearing for August 13, 2019. PCRA Court Order, 7/19/19, at 1. But, because Appellant filed an appeal to this Court on August 12, 2019, the hearing did not occur. On September 4, 2019, the court entered an order cancelling Appellant's resentencing hearing. PCRA Court Order, 9/4/19. In light of our Supreme Court's recent decision in ***Commonwealth v. Butler***, 2020 WL 1466299, *1 (Pa. Mar. 26, 2020) (holding that the "registration, notification, and counseling" requirements applicable to SVPs "does not constitute criminal punishment" and, as such, the "procedure for designating individuals as SVPs ... remains constitutionally permissible") which reversed this Court's ruling in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) upon which [the PCRA court] relied, the PCRA [court] may choose not to proceed with Appellant's resentencing hearing.

***Commonwealth v. Stanford***, 237 A.3d 418 (Pa. Super. 2020) (unpublished memorandum at 5 n.4).[2]

The PCRA court — properly and for the above procedural and legal reasons — did not conduct a resentencing hearing relative to Appellant's first

---

[2] We dismissed Appellant's appeal due to "substantial defects [in Appellant's *pro se* brief which] hinder our appellate review." ***Id.*** at 7. Instantly, Appellant's brief likewise contains a "rambling argument . . . in which [Appellant] makes incomprehensible claims." ***Id.*** However, we address the PCRA court's determination that Appellant's petition is untimely, as we discern that issue to be the crux of Appellant's argument.

PCRA petition and SVP classification. Thus, in considering Appellant's subsequent petition at issue in this appeal, the court correctly determined that Appellant's judgment of sentence became final on January 4, 2016, and for the petition to be timely, Appellant would have had to file it by January 3, 2017.[3] *See* PCRA Court Order, 8/21/20, at 3. Beyond the one-year time-bar, a petitioner must plead and prove at least one of the three following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

_____

[3] This Court affirmed Appellant's judgment of sentence on December 3, 2015 and Appellant did not seek review with the Pennsylvania Supreme Court. A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Also, a petitioner invoking an exception must file their petition "within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

As the PCRA court observed, Appellant alleged "that § 9545(b)(1)(ii) applies . . . However, throughout his petition, [Appellant] failed to allege any facts that were unknown to him at the time." PCRA Court Order, 8/21/20, at 3. We agree Appellant has not satisfied an exception to the time-bar. Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021